CARL M. JOHANSON, Administrator, v. CELIA HOFF, Administratrix.[1]

December 23, 1895.

Nos. 9495—(130).

### Claims against Decedent's Estate—Admissions by Administratrix.

When a claim against the estate of a deceased person is filed with the probate court, and is one over which such court has jurisdiction, the admissions of the administratrix of the estate that she would pay such claim, and that she did in fact make part payment thereof, are inadmissible to show the existence or validity of such claim.

In the matter of the estate of Nels J. Hoff, deceased, in the probate court for St. Louis county, Carl M. Johanson, administrator of the estate of John Erickson, deceased, filed a claim for $435 for rent due under a lease, which was disallowed, and from the order of disallowance, he appealed to the district court for said county. The case was tried in the district court without a jury before Moer, J., who found as facts, among other things, that the consideration of $1,500 mentioned in the lease which is referred to in the opinion was not paid at its execution, and that no part thereof had been paid since except $1,065, and that $435 was due and unpaid. As conclusions of law the court found that appellant administrator was entitled to have the claim allowed; and ordered that the order of disallowance of the probate court be overruled and that the probate court allow the claim. Afterwards, on motion of appellant administrator, the court made an order that the probate court certify a copy of a certain order made by it extending the time in which appellant might file his claim against the estate of the decedent. Subsequently, on motion of appellant administrator, the court made an order vacating its former findings and order, and made and filed new findings of fact and conclusions of law and a new order, all of which were substantially the same as its former ones above set forth, except that the court added a finding of fact to the effect that the probate court extended the time in which appellant might file his

[1] Reported in 65 N. W. 464.

claim, which was the subject of the appeal, and that certain allegations in the answer of respondent Celia Hoff, administratrix of the estate of Nels J. Hoff, deceased, were immaterial and raised no issue. Thereafter respondent administratrix made a motion for a new trial and to dismiss the appeal on the ground that the court had no jurisdiction. From an order denying said motions and also from the order directing the probate court to certify a copy of the order extending the time in which appellant might file his claim, respondent administratrix appealed. Reversed.

*George L. Spangler*, for appellant.
*Fryberger & Johanson*, for respondent.

BUCK, J. On May 22, 1891, the respondent's intestate, John Erickson, made and delivered to the appellant's intestate, Nels J. Hoff, a written lease of certain ground in the city of Duluth for the period of three years, at the rental of $1,500 for the entire term. Erickson died intestate March 27, 1893, and Hoff died intestate July 4, 1893. At the time of Hoff's death he had paid upon the lease the sum of at least $1,065, although the accrued rent up to that date amounted only to the sum of $1,058.32. There is sufficient evidence to show that Erickson's administrator adopted the lease, and assumed control of it, and sought to enforce the same, and the administratrix of Hoff's estate also recognized the lease. At least, there is sufficient evidence to show that she did not repudiate it, and to some extent recognized it. On April 2, 1894, the administrator of Erickson made out a claim of $435 for the balance of the unpaid rent, and filed it with the probate court of St. Louis county. The probate court disallowed the claim, and Erickson's administrator appealed to the district court, where, upon trial, the claim was allowed, and judgment entered therefor.

It does not appear, from the terms of the lease, or from the custom of the parties, just when the rent was payable, and probably it was not due until the end of the term, viz. May 22, 1894. Indianapolis, D. & W. R. Co. v. First Nat. Bank, 134 Ind. 127, 33 N. E. 793; 1 Woodfall, Landl. & T. §§ 394, 395. If we should assume that the rent was payable annually, then, as more than two years' rent had been paid at the time of Hoff's death, the balance would only be payable at the end of the full term of three years. As all of the

unpaid rent accrued on the lease subsequent to Erickson's death, a serious question might arise whether this was a claim allowable against the estate, or was one against the administratrix personally, especially in view of G. S. 1894, § 4496, which provides that the administrator shall have the right to receive the rents and profits of the real estate until the estate is settled, or until delivered over by order of the probate court to the heirs or devisees.    However, we do not pass upon or decide that question, in view of the fact that the parties hereto have treated the claim for the unpaid rent as one to be acted upon by the probate court.

This brings us to the question raised by the appellant's counsel as to certain admissions, alleged to have been made upon the trial by Celia Hoff, the administratrix of Nels J. Hoff, which, it is claimed, were improperly admitted in evidence.    It was a controverted question, upon the trial in the district court, whether or not the whole rent had been paid, as receipt thereof was acknowledged by the terms of the lease itself.    The recital in the lease is as follows: "The rent and consideration for the lease of the premises above described for the full time and period of three years, as above specified, is hereby admitted to have been paid in advance, and said lease and letting is made without further reservation of rent."    The respondent contended that the receipt of payment of rent in full was placed in the lease for a special purpose, agreed upon by both parties, but that such receipt was in fact untrue.    The appellant relied solely on the receipt of payment in the lease, offering no other affirmative evidence to sustain it.    This recital of payment of the consideration mentioned in the lease was open to impeachment, at least far enough to show that a different sum, or that only part of that receipted for, had in fact been paid, although, ordinarily, the impeachment of the receipt of payment of the consideration would not be permitted, to the extent of showing that no consideration was paid, especially where its sole purpose was to avoid the lease.    It was for the purpose of impeachment of this recital in the lease, that no rent had been paid, or, rather, that it had been paid only in part, that the evidence of the admissions of Celia Hoff, the administratrix of the estate of Nels J. Hoff, was directed, and for this purpose such admissions of hers were offered and admitted in evidence against the objections of the appellant.    The admissions were to the effect

that she would try and pay some rent every month, that she was going to get some money on her husband's life insurance, and that all she could then do was to pay $15, which she then did. There was also evidence of admissions of the administratrix's attorney, received against objection, to the effect that he would pay up the back money or rent on the lease. If the admissions of the administratrix were improperly received, then it necessarily follows that the evidence of her attorney would also be inadmissible.

To determine the question of the legality of the admissions of the administratrix, for the purpose for which it was offered in this case, we must necessarily consider the statute in regard to the allowance of claims against the estate of a deceased person. G. S. 1894, § 4509, provides that the probate court shall be the tribunal for the examination and allowance or disallowance of any claim of any creditor against such estate. Its determination upon such matter is final, unless an appeal is duly taken therefrom, and its jurisdiction in the allowance or disallowance of the claim of creditors is exclusive of that of any other tribunal. Even if the administratrix should, by the most solemn instrument in writing, admit the justice and legality of any creditor's claim against the estate represented by her, it would be ineffectual, if disallowed by the probate court. It is true that the court might allow the claim, but it might also disallow it. And if the administratrix could not make an admission which could of itself be made effectual, then, in so doing, she is acting without the scope of her authority. Hence, the claims of creditors which the administratrix is authorized to pay are only those which have been allowed by the probate court, except, perhaps, some which may arise subsequent to the death of the person whose estate she is administering, such as burial expenses in some instances. Probably an administrator or executor might make admissions in a pending suit, to which he was a party as such, which would be binding, even to the extent of consenting to a judgment, especially in the absence of fraud in the transaction; but in regard to the claims existing in the lifetime of the deceased, not allowed by the probate court, he cannot bind the estate, either by a promise to pay them or admissions of their legal existence, or by a full or part payment thereof.

The whole matter of allowing claims now rests with the probate

court, and under the Probate Code no action at law can be brought for the recovery of money upon any claim or demand which can properly be presented to the probate court. This has changed the rule under the old probate system, where the whole matter of allowing and paying claims against an estate rested with the personal representative, and where, if he did not pay, the remedy of the creditor was to sue him, and where, after he became clothed with the trust, and made admissions in execution thereof, they were admissible against the estate.

If there were other errors in the admission of evidence on the trial of the case, we do not feel disposed to discuss them, as the case must be sent back for a new trial by reason of the error in receiving in evidence the admissions of the administratrix, Celia Hoff.

Order denying the motion for a new trial reversed.

CANTY, J. I cannot concur in the reasons given for the result arrived at in the foregoing opinion.

If the rent is all paid up to the time of the death of the lessee, by payments which should be so applied, the lessor has no claim against the lessee's estate for any further rent. If the lessee's administrator elects not to accept the lease as a part of the assets of the estate, the lessor may have a claim against the estate for unliquidated damages, or loss of his bargain as to the remaining portion of the term, but not for rent, as such. If the administrator accepts the lease, it makes him, but not the estate, liable for the rent, and in a proper case he may be reimbursed out of the funds in his hands. In this case, as I understand it, the lessee's administratrix has elected to accept the lease, and, as I have said, this makes her personally liable for the rent, just as it would any other assignee of the lease. In an action to recover the rent from the administrator, in such a case, his admissions are clearly competent against himself. But the only way in which the claim against him for rent, in such a case, could be presented to the probate court, would be when the lease so accepted by the administrator was a valuable asset of the estate, and produced a fund in court out of which the landlord might ask the court, in its equitable discretion, to pay him his rent; but in that case, also, the admissions of the administrator as to the rent so due and unpaid would be competent evidence.

Then, in whatever form the claim is presented, the administrator's admissions are competent to prove it.

But the majority hold that, as the claim for this rent is presented in the wrong form or in the wrong court, it changes the character of the claim, so that it becomes a different claim, and cannot be proved by the same kind of evidence. After conceding that it is the claim, and not the evidence to prove it, that is incompetent, they proceed to hold the claim competent, and the evidence to prove it incompetent. They say that the attorneys on both sides have mistaken the character of the claim, and of the court and proceedings in which the claim should be enforced. The majority then proceed to discuss the competency of the evidence to prove, not the real claim, but the supposed claim, and hold it incompetent to prove such supposed claim, though admitting that it is competent to prove the real claim. It seems to me that this court should not try any such a moot case, but should hold the claim not enforceable in this manner against the estate, and reverse on that ground, or else hold that the appellant has not urged any proper ground for reversal, and affirm on that ground.

COLLINS, J. Concurring in the result reached in the main opinion, I agree with Mr. Justice CANTY in the views expressed by him.