CARL M. JOHANSON, Administrator, v. CELIA HOFF, Administratrix.[1]

January 7, 1897.

·Nos. 10,399—(160).

### Appeal—Review—Reception of Evidence.

*Held,* that the question argued by counsel, as to the competency and admissibility in evidence of admissions tending to affect and bind the estate of a person under guardianship on account of habitual drunkenness, made after the inquisition and appointment of a guardian for the estate as well as the person, is not, on the present record, before us for determination.

### Evidence—Objection Taken under Advisement.

In a trial before the court without a jury, and for the purpose of laying the foundation for the.introduction of testimony given by a witness (who was unable to be present and whose deposition could not be taken on account of his severe illness) at a former trial of the same case, respondent offered in evidence the affidavits of two physicians, and appellant's counsel duly objected, whereupon the court stated, "Evidence received, subject to the objection." No further ruling was made, and the testimony of the absent witness, as taken by the official stenographer at the former trial, was then received in evidence without objection. *Held,* that the statement of the court, when objection was made to the affidavits, amounted to nothing more than taking the objection under advisement, and that, as there was no further ruling, the question argued by counsel, and which would have been presented had the court overruled the objection, directly or indirectly, is not before us.

From an order of the probate court for St. Louis county disallowing his claim against the estate of Nels J. Hoff, deceased, plaintiff appealed to the district court of that county. The case was tried

[1] Reported in 69 N. W. 705.

before Morris, J., who found that plaintiff was entitled to allowance of his claim of $435. From an order denying a motion for a new trial defendant appealed. Affirmed.

*Geo. L. Spangler*, for appellant.

*Fryberger & Johanson*, for respondent.

COLLINS, J. For a second time this case appears before us on appeals from orders denying defendant's motions for a new trial. The facts are sufficiently stated in the former opinion. 63 Minn. 296, 65 N. W. 464. The second trial was had before the court without a jury, and upon its findings of fact judgment was ordered in favor of plaintiff. Although counsel for defendant has set forth 43 assignments of error, we are of the opinion that two questions only need consideration. In fact, counsel himself is content to dispose of 17 of his assignments quite summarily by stating, in his brief, that no argument is necessary.

The first of the questions to which we have referred relates to the competency and admissibility of the evidence of several witnesses tending to show that, in his lifetime, and after the execution of the lease, defendant's intestate, Nels Hoff, made certain admissions or statements to the effect that he owed plaintiff's testator, John Erickson, for rent due upon the lease; while the other question is as to the admissibility on this trial of the testimony given by a witness by the name of McGregor upon the former trial, as then taken by the official stenographer.

1. One of plaintiff's witnesses had testified that he was present and overheard a conversation between Hoff and Erickson in reference to the payment of rent due on the lease, and, when counsel for the plaintiff attempted to draw out this conversation, it was objected to as incompetent, irrelevant, and immaterial. The objection was overruled, and defendant's counsel took an exception. The same counsel then stated to the court that he wished it to appear of record that he should show that, at the time of the alleged conversation, Hoff was a ward of the probate court, and was incompetent to make any statements or admissions which would affect his estate. On the examination of other witnesses as to conversations they had heard between Hoff and Erickson, counsel interposed the same objection, and in substantially the same lan-

guage. After all of the evidence of this character was introduced, and after plaintiff had rested his case, defendant offered, and there was received in evidence, certified copies of the records of the probate court, from which it appeared that, prior to the time of these alleged conversations, Hoff had duly been declared an incompetent because of habitual drunkenness, and that the present defendant had been duly appointed guardian of his person and estate, and that, at the time of these conversations, and up to the day of his decease, she remained such guardian.

It will be seen that, when the statements and admissions made by Hoff concerning his indebtedness to Erickson on account of the lease were received in evidence, there was nothing before the court as to the fact that Hoff was then under guardianship, except the bare assertion of counsel. At the time the testimony was received, it was clearly competent and admissible; and the question, argued by counsel, that these statements and admissions could not be received, because made subsequent to the inquisition in the probate court wherein Hoff was adjudged an incompetent and the proper subject for guardianship, is not before us. The rulings of the court, when made and as the case then stood, were correct, although the rule of law may be as contended for by counsel. Upon this we express no opinion.

2. McGregor had testified upon the first trial as a witness for plaintiff. At the second trial, plaintiff's counsel attempted to lay the foundation for the introduction of this testimony, showing that the witness was sick in a hospital in a distant city, unable to travel, and, further, that he was in such a physical condition that it would be unsafe to attempt to take his deposition. A part of this preliminary testimony being received without objection, counsel then offered in evidence affidavits, made by two physicians residing in the city in which the witness then was, for the purpose of laying further foundation for the reception of the testimony taken upon the former trial, and to the introduction of these affidavits defendant's counsel objected. The only ruling made by the court upon this objection was, "Evidence received, subject to the objection." The testimony of the witness as taken by the stenographer upon the other trial was then introduced and received without objection.

It is urged that the ruling relating to the affidavits was erroneous. But the court made no ruling, for, upon a trial before it, without a jury, it simply received the affidavits subject to the objection. Its statement that it would so receive them amounted to nothing more than taking counsel's objection under advisement; and, so far as is shown by the record, no ruling was ever made. Probably the point covered by the objection would have been reserved to counsel, had he made a proper objection to the reception in evidence of McGregor's testimony as given upon the first trial, and his objection had been overruled; but as before stated, no such objection was made. The question argued by counsel, and which would have been presented had the court, directly or indirectly, overruled the objection made to the admission of these affidavits, and received them in evidence without qualification, is not before us for review.

Order affirmed.