CARL M. JOHANSON v. CELIA HOFF and Others.[1]

November 15, 1897.

Nos. 10,717—(99).

**Refusal of Administratrix to Pay Claim against Estate — Order of Probate Court—Action by Claimant.**

An administratrix of a solvent estate had in her hands sufficient cash to pay an allowed claim against the estate, but refused to pay it, although more than two years had elapsed since such allowance, and the time fixed by the probate court for allowing claims had expired. Thereupon the probate court made an order permitting the claimant to bring suit against the administratrix and her bondsmen, they having refused to pay the claim on demand. *Held*, that it was not necessary that the probate court should order the claim paid before the right of action accrued to the claimant to bring such suit.

**What Constitutes Solvency.**

A person is solvent when he is in such a condition that all lawful demands against him may be collected out of his own means by legal process.

Appeal by defendant Hoff from an order of the district court for St. Louis county, Ensign, J., overruling her demurrer to the complaint. Affirmed.

*Geo. L. Spangler*, for appellant.

*H. B. Fryberger*, for respondent.

BUCK, J.

On July 4, 1893, one Nels J. Hoff died intestate, and about August 12, 1893, letters of administration on his estate were issued to the defendant Celia Hoff by the probate court of St. Louis county, and ever since that date she has been the duly-qualified acting administratrix of said estate. Matters relating to the administration of said estate have been twice before this court (Johanson v. Hoff, 63 Minn. 296, 65 N. W. 464, and 67 Minn. 148, 69 N. W. 705), finally resulting in affirmance of the order of the district court of said county, where-

[1] Reported in 72 N. W. 965.

upon a judgment was entered in that court about January 29, 1897, wherein the said probate court was ordered to allow the plaintiff's claim, with interest, and all costs and disbursements against the estate of said Nels J. Hoff, deceased, and a certified copy of said judgment was filed with said probate court on January 30, 1897, and thereupon said probate court did on said day make an order allowing said claim in favor of plaintiff and against said estate of Nels J. Hoff, deceased, amounting to $673.03, which amount has never been paid. Said estate is solvent, and more than $3,000 in cash with which to pay the claims against said estate has come into the hands of the administratrix since her appointment, while the claims existing against said estate are less than $1,500.

Before the commencement of this action, this plaintiff duly demanded of the administratrix, Celia Hoff, payment of said claim, which she neglected and refused to make. The bondsmen who signed the bond with her in August, 1893, for the faithful execution of her trust as such administratrix, are the other defendants herein, Paul Sharvey and John J. Eklund, and, upon her failure to pay the claim, plaintiff duly demanded payment thereof of the said bondsmen, who also neglected and refused to pay the same. On January 30, 1897, the plaintiff duly petitioned said probate court for an order allowing him to bring this action against defendant, which petition was granted by said court, and this action was commenced pursuant to said order in the month of February, 1897.

The defendants interposed a demurrer to the complaint upon the ground that it appears upon the face of said complaint that the same does not state facts sufficient to constitute a cause of action. While the complaint is not as full and explicit as it might be, we are of the opinion that it states a good cause of action.

The complaint sufficiently alleges the solvency of the estate. It states that the administratrix as such has received more than $3,000 in cash with which to pay the claims against the estate, and that the claims against such estate are less than $1,500, and that the estate is and was wholly solvent during all the times herein mentioned. If the estate is wholly solvent, it has sufficient means to pay its obligations. In the decisions defining the meaning of the word "sol-

vent" we find quite a divergence as to the phraseology used, but there is little or no difference as to its real meaning. If a man is solvent, he is in such a condition that all lawful demands against him may be collected out of his own means by legal process.

There was certainly sufficient in the complaint to enable the opposite party to understand what was intended. Board v. Tower, 28 Minn. 45, 8 N. W. 907. G. S. 1894, § 4509, provides that at the time of granting letters testamentary or of administration the courts shall make an order limiting the time in which creditors may present claims against the deceased for examination and allowance, which shall not be less than six months nor more than one year from the date of such order. This section further provides that the court, for good cause shown, may extend the time for hearing and allowing claims, "but no claim shall be received or allowed unless presented within one year and six months from the time when notice of the order is given." Letters of administration were issued to the defendant Hoff, August 12, 1893. The statute is mandatory that the probate court shall, at the time of granting letters testamentary, fix the time within which creditors must present their claims.

It is a fair presumption of law that the probate court complied with this mandatory provision of the statute. This claim was first filed with the probate court April 2, 1894. After the allowance of said claim, and before the commencement of this action, permission to bring this action was duly granted by the probate court as above stated. Whether an action against the administratrix alone or against her and her bondsmen might be brought by plaintiff as such creditor, before the expiration of the 18 months limited for the presentation and allowance of their claim, where the estate is solvent, is not really the question we are called upon to decide. We think that it sufficiently appears that the time limited for presenting claims had expired, that the estate is solvent, that this claim was allowed by the probate court, that after demand the defendants refused to pay it, and that the probate court had granted the plaintiff permission and authority to bring this action against the administratrix and her bondsmen, and there appears no good reason why this claim should not be paid. G. S. 1894, § 4528, expressly provides that, when there are sufficient assets in the hands of the executor

or administrator for that purpose, he shall proceed to pay all debts and legacies in full. The precise time is not fixed by statute when he shall do this, except that such payment shall be made when there are sufficient funds to make such payment. It must be conceded that there are sufficient assets to pay this debt. The claim allowed had become a conclusive judgment between the parties, and nothing remained to be done but payment.

The defendants also contend that the administratrix may pay the debts and legacies against the estate at any time within the time limited by the probate court for the settlement of the estate, and is not liable on her bond for failure to pay before the limitation expires; citing G. S. 1894, § 4523, which provides that the probate court, at the time of granting letters testamentary or of administration, shall make an order allowing to the executor or administrator a reasonable time, not exceeding one year and six months, for the settlement of the estate. It seems self-evident that the claims allowed against the estate—where the estate is solvent— must be paid before there can be any settlement. The amount of funds received and paid out for debts and expenses of administration are items which must necessarily form a material part of the account of the administratrix in her final settlement of the estate. Now, this bond of the defendants expressly provides that the administratrix shall pay and discharge all debts and charges chargeable on the estate. This claim is such a debt which she refuses to pay, and the bondsmen join in that refusal.

It is true, the probate court did not order its payment in direct terms, but it had become a conclusive judgment between the parties, and was allowed by such court. It should then have been paid under the facts presented by this record, not only as a matter of justice to the plaintiff creditor, but to the estate, because, after its allowance by the probate court, it drew the same rate of interest as judgments recovered in the district courts (G. S. 1894, § 4515); and its payment then would have saved the accumulating interest running against said estate. No order by the probate court for the payment of this debt or claim by the administratrix was necessary. The present statute contains no such condition precedent to paying an allowed claim, and no such prerequisite, before permitting a

creditor to bring suit upon the bond. The probate court having granted such permission, it is to be presumed that it had before it sufficient facts in the record in the case to warrant it in so doing. There is no merit in the contention of counsel for defendants that the probate court should have waited six months after the entry of judgment in the district court to see if the defendant Hoff would appeal therefrom. That judgment was a final, conclusive judgment. But, even if appealable, the plaintiff was not bound to wait six months to see whether an appeal would be taken, and in the absence of such appeal might proceed to enforce it in the manner allowed by law.

Order affirmed.