SECURITY TRUST CO. v. DENT.

(Circuit Court of Appeals, Eighth Circuit. October 17, 1900.)

No. 1,355.

1. JURISDICTION OF FEDERAL COURTS — ACTION AGAINST ESTATE OF DECEDENT — STATE STATUTE.

Gen. St. Minn. 1894, §§ 4509–4511, 4514, 4517, 4523, require all creditors of a decedent to present their claims to the probate court having charge of the administration of his estate within such time, not less than 6 nor more than 18 months from the granting of letters testamentary or of administration, as that court shall allow, and provide that any claim on contract not so presented shall be barred forever. Held, that such statute is ineffectual to deprive a federal court of jurisdiction of an action by a nonresident creditor against the executor or administrator of a decedent on a claim against his estate, and that the limitation therein cannot be applied to bar such an action in less than the full 18 months during which the probate court might, in its discretion, entertain a claim.

2. EXECUTORS AND ADMINISTRATORS—DISCHARGE—MINNESOTA STATUTES.

Under the statutes of Minnesota, the approval by a probate court of the final settlement of an administrator, and an order of distribution made thereon, do not operate to discharge the administrator; but he remains

subject to the orders of the court until the order of distribution has been executed to its approval, and a formal order of discharge entered.

## In Error to the Circuit Court of the United States for the District of Minnesota.

This action was brought by William H. Dent, as receiver of the First National Bank of Decorah, to recover from the Security Trust Company, as administrator of the estate of Summer W. Matteson, deceased, the plaintiff in error, the amount which was alleged to be due to the receiver on five promissory notes executed by S. W. Matteson in his lifetime, which became the property of the First National Bank of Decorah, Iowa, before their maturity. Four of the notes were executed on April 15, 1895, and one of them on October 19, 1894. Two of the notes had matured prior to Matteson's death, which occurred on July 22, 1895. The remaining three notes matured prior to October 15, 1895, or within less than three months after Matteson's death. As a defense to all of the notes, Matteson's administrator pleaded, in substance, that it had fully administered upon Matteson's estate, and had been discharged as administrator; that during the course of the administration the notes sued upon had not been presented or allowed against the estate of the deceased; and that the action was barred by force of the statutes of the state of Minnesota, where the administration proceedings had taken place. The case was submitted to the trial court upon an agreed statement of facts, from which we cull the following, which are all that are deemed material: Sumner W. Matteson was a resident and citizen of the state of Minnesota from some time prior to January 1, 1894, until his death, and during that time resided at the city of St. Paul, in Ramsey county, Minn., where he died on July 22, 1895. The Security Trust Company was appointed administrator of Matteson's estate, and duly qualified and entered upon its duties as such administrator on September 3, 1895. On the same day the probate court of Ramsey county, Minn., by which the appointment was made, ordered that six months be allowed from and after the date of the order in which persons having claims against the deceased should file the same in the probate court for examination and allowance, or be forever barred; that the first Monday of April, 1896, at a general term of the court to be held at the court house in the city of St. Paul, be appointed as the time and place when and where the court would examine and adjust claims and demands against the estate of the decedent; and that notice of the hearing be given to all persons interested by publishing the order in question once each week for three successive weeks in a daily newspaper published at St. Paul, in the county of Ramsey, state of Minnesota. Said order was afterwards published in the manner prescribed by the order on September 10, 17, and 24, 1895, and proof of such publication was duly filed. As administrator the Security Trust Company took possession of the assets of the decedent's estate, and proceeded to administer upon them in the mode prescribed by law. On March 31, 1896, it filed an account of its administration, and its petition to have the same examined and allowed, and for the distribution of the residue of the estate to the persons entitled thereto. The court thereupon made an order for the hearing of the petition, and notice of the hearing was given as required by law, and proof of such notice was filed in due season. On April 27, 1896, the probate court examined the account, and upon such examination approved of the same, and ordered that the account be finally settled and allowed. It further ordered and adjudged, in substance, that all of the real and personal property of the estate which appeared by the account to be in the administrator's hands be assigned to and vested in the heirs at law, who were named in the order. On November 21, 1896, the probate court entertained a petition for an order amending and correcting its final decree by changing the description of some of the property referred to therein, and adding a description of some property that had been omitted, and, in accordance with the prayer of the petition, made an order making the desired alterations in the decree. No order was ever made by the probate court of Ramsey county discharging Matteson's administrator from its trust, other than the order heretofore mentioned, allowing its final account, and directing a distribution of the assets in its hands.

The Security Trust Company, as administrator, did not at any time make an assignment or transfer of the decedent's property to the distributees designated in the order of distribution, except in the manner following: Within a few days after said decree had been made, Charles D. Matteson, who was its secretary and treasurer, took all the securities and papers in the possession of the Security. Trust Company as administrator, and placed them in a box or receptacle which he kept, and for a long time previous had kept, in the vaults of the said company. On December 23, 1896, it also executed an assignment of one certificate of stock in a land company, which belonged to the estate, to enable the distributees to obtain another certificate in lieu thereof. Other stocks and securities belonging to the estate, which the trust company held as collateral security for an indebtedness due to it by the deceased at the time of his death, it continued to retain in its possession, undistributed, and it still retained the same at the time of the trial below. As early as September 1, 1895, all of the officers and directors of the National Bank of Decorah had notice of the death of said Matteson, and that he died at St. Paul, in the state of Minnesota; and as early as November 1, 1895, the president of said bank (it being then a going concern) had knowledge that Matteson's estate was undergoing administration in the probate court of Ramsey county, state of Minnesota. The receiver of said bank, who was appointed on November 24, 1896, did not have knowledge of Matteson's death, and that his estate was undergoing administration, until about December 20, 1896. During the pendency of the administration proceedings neither the National Bank of Decorah, nor any one in its behalf, filed a claim against the estate in the probate court of Ramsey county, based upon the notes in controversy; and no action was brought thereon in any court until the present action was instituted in the circuit court of the United States for the district of Minnesota, which action was commenced by the receiver on January 22, 1897.

The General Statutes of the State of Minnesota for the Year 1894 contain the following provisions with respect to the administration of estates:

"Sec. 4509. At the time of granting letters testamentary or of administration, the court shall make an order limiting the time in which creditors may present claims against the deceased for examination and allowance, which shall not be less than six months nor more than one year from the date of such order; said order shall fix the time or times and place in which the court will examine and adjust claims and demands of all persons against deceased. No claim or demand shall be received after expiration of the time so limited, unless for good cause shown the court may in its discretion, receive, hear and allow such claim upon notice to the executor or administrator, but no claim shall be received or allowed unless presented within one year and six months from the time when notice of the order is given, as provided in the next section, and before final settlement, and the allowance or disallowance of any claim shall have the same force and effect as a judgment for or against the estate. * * *

"Sec. 4510. The order prescribed in section [4509] shall be published according to law, and shall be notice to all creditors and persons interested.

"Sec. 4511. All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented to the probate court within the time limited in said order, and any claim not so presented is barred forever; such claim or demand may be pleaded as an offset or counterclaim to an action brought by the executor or administrator. All claims shall be itemized, and verified by the claimant, his agent or attorney, stating the amount due, that the same is just and true, that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of affiant. If the claim be not due, or be contingent, when presented, the particulars of such claim must be stated. The probate court may require satisfactory vouchers or proofs to be produced in support of any claim."

"Sec. 4514. No action at law for the recovery of money only shall be brought in any of the courts of this state against any executor, administrator or guardian upon any claim or demand which may be presented to the probate court except as provided in this Code. No claim against a decedent shall be a charge against or lien upon his estate unless presented to the probate court as herein provided within five years after the death of such decedent: provided,

that this provision shall not be construed as affecting any lien existing at the date of such death: provided, further, that said provision shall not be construed as affecting the right of a creditor to recover from the next of kin, legatee or devisee to the extent of assets received. This provision shall be applicable to the estate of persons who died prior as well as to those who may die after adoption of this Code."

"Sec. 4517. Upon the allowance or disallowance of any claim the court shall make its order allowing or disallowing the same. The order shall contain the date of allowance and the amount disallowed, and be attached to the claim with the offsets if any."

"Sec. 4523. The probate court at the time of granting letters testamentary or of administration, shall make an order allowing to the executor or administrator a reasonable time, not exceeding one year and six months, for the settlement of the estate."

On the foregoing statement of facts the trial court rendered a judgment in favor of the receiver and against Matteson's administrator for the sum of $13,535.06, including costs, to reverse which the present writ of error was brought.

Edmund S. Durment (Albert R. Moore, on the brief), for plaintiff in error.

Edward C. Stringer (McNeil V. Seymour, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

From the foregoing statement it will be observed that the present action against the administrator of S. W. Matteson to recover a judgment on the notes executed by him in his lifetime was not brought until after the expiration of the six months limited by the order of the probate court of Ramsey county, Minn., for the filing, examination, and allowance of claims against Matteson's estate, nor until after the examination and allowance of the administrator's final account. It is accordingly contended in behalf of the administrator that by virtue of sections 4509 and 4511 of the Minnesota Statutes, heretofore quoted, the right to a judgment on the notes in controversy was forever barred, although they were owned by a nonresident of the state, and a recovery was sought in the federal court. This contention raises the principal question that we are called upon to consider and determine.

By reference to the aforesaid sections of the Minnesota Statutes, it will be observed that the several probate courts of that state have been vested with the power to determine for what period of time the creditors of a deceased person whose estate is undergoing administration therein shall be given an opportunity to establish their demands against the estate; the only limitation upon that power being that the time granted shall not be less than 6 months, nor more than 18 months. In the first instance it seems that they cannot allow more than 1 year for the establishment of demands, but, for cause shown, which they deem adequate, they may audit and allow claims within 18 months from the date of the original order fixing the period for allowance, and before a final settlement. It is furthermore manifest that the local administration law was framed

with a view of requiring all demands against the estates of decedents to be established in the local probate courts, and not elsewhere, since section 4509 directs those courts to make an order fixing the time and place when they will examine and adjust claims and demands of all persons against the deceased, and section 4511 declares that all claims arising upon contracts "must be presented to the probate court within the time limited in said order," and that any claim not thus presented is barred forever. Moreover, section 4514 declares that "no action at law for the recovery of money only shall be brought in any of the courts of this state against any executor, administrator or guardian upon any claim or demand which may be presented to the probate court, except as provided in this Code." In some states the administration laws provide, in substance, that the commencement of a suit in any court, state or federal, against an administrator or executor to establish a demand against a decedent, shall be deemed the lawful exhibition of the demand from the time process is served, and that, if such an action is instituted within a certain period after the administrator or executor gives notice of his appointment or files his bond, the judgment eventually recovered in such action shall be entitled to payment out of the assets of the estate in the administrator's hands. Gen. St. Mo. 1889, §§ 184–186, both inclusive; Sand. & H. Dig. Laws Ark. §§ 109–112, both inclusive; Gen. St. Kan. 1889, § 2890; Mills' Ann. St. Colo. § 4792. The administration law of the state of Minnesota contains no similar provisions, but plainly requires all creditors, whether domestic or nonresident, to file such demands as they may have against the estate of a decedent in the appropriate probate court within such period, not less than 6 nor more than 18 months, as it may see fit to grant, and to prosecute them to judgment in that court, or else be barred of the right of recovery. It is well settled by repeated adjudications that a foreign creditor may establish his debt in the courts of the United States against the personal representative of a decedent, notwithstanding the fact that the laws of the state relative to the administration and settlement of decedents' estates do in terms limit the right to establish such demands to a proceeding in the probate courts of the state. President, etc., v. Vaiden, 18 How. 503, 507, 15 L. Ed. 472; Green's Adm'x v. Creighton, 23 How. 90, 107, 108, 16 L. Ed. 419; Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357. This is but another form of saying that no state legislature can deprive the federal courts sitting therein of a jurisdiction which is vested in them by the constitution and laws of the United States. It follows, of course, that, in so far as the administration law of the state of Minnesota attempts to compel citizens of other states to establish demands against the estates of decedents by a proceeding in the probate court of the state, it is ineffectual to accomplish that object. It is said, however, that, although the statute in question may be ineffectual to compel nonresident creditors to submit their demands to the appropriate probate court for allowance, yet, as a statute of limitations, it should be given effect to prevent the establishment of a demand in the federal court of the state after such lapse of time that it cannot be established in the

probate court. The vice of this argument, as applied to the case in hand, consists in the fact that the legislature of the state of Minnesota has not undertaken to bar any claim against a decedent's estate, absolutely, until after the lapse of 18 months from the date of the order fixing the period of allowance, and in the case at bar that period had not expired when the action was commenced, to wit, on January 22, 1897. It is true that section 4509, when conferring the discretionary power to allow claims within 18 months, imposes the limitation that they shall be allowed "before final settlement"; and it is also true that the final account of Matteson's administrator had been submitted to and approved by the probate court before this action was commenced. But it must be borne in mind that the administration law (section 4523, supra) confers upon the probate court the power to determine when the final settlement of an estate shall be made, and to allow as much as 1 year and 6 months for that purpose. We think that the federal court must be conceded the same power, as respects the claim of a nonresident creditor, to allow it within 18 months, which is conferred upon the probate courts of the state; and we are furthermore of opinion that the right of a nonresident creditor to sue for the establishment of his demand in the federal court cannot be made to depend on the length of time that the probate court happens to allow for making a final settlement. If the federal court gives effect to laws limiting the period for establishing claims in the probate courts of the state which differ essentially from the general statute of limitations, it should only be required to apply the absolute bar arising from lapse of time which the legislature has erected. There is much reason, perhaps, for saying that citizens of other states ought not to be allowed to maintain an action in the federal court against a local administrator or executor after the expiration of a period when, by the express command of the legislature, no such action can be maintained in the local courts, provided the period fixed by the legislature is reasonable; but the right of a nonresident creditor to bring his action in the national courts ought not to be conditioned or made to depend upon the time that a local court chances to approve a final settlement, when the time of such approval rests in its discretion, and is largely a matter of convenience. For these reasons, we conclude that the case in hand—the same having been brought within less than 18 months after the order fixing the period for the allowance of claims was made—was lawfully entertained by the trial court.

Another claim which is interposed by the administrator as a defense to this action is that the approval of its final account and the order of distribution made thereon by the probate court on April 27, 1896, closed the administration, and operated, without more, as a discharge of the administrator, so that there was in point of fact no administrator when the suit at bar was instituted. This view evidently was not entertained by the probate court by which the administrator was appointed, since the record discloses that that court as late as November 21, 1896, entertained a petition on the part of the administrator, and at its instance made an order founded thereon by which the decree of April 27, 1896, was amended and cor-

104 F.—25

rected in important respects. It is manifest that the probate court acted upon the theory that it had not lost jurisdiction over the administrator; that it was still subject to its orders as to all matters pertaining to the estate, and would remain so until it had fully executed its decree, and was formally discharged as administrator by an order made to that effect. And this assumption on which the probate court appears to have acted, in our opinion, was entirely correct. The order of distribution that was made on April 27, 1896, required certain acts to be done and performed by the trust company in its capacity as administrator; and until they had been done and performed, and the court had approved of the administrator's acts in that behalf, it was clearly subject to the orders of the probate court, and its functions as administrator had not ceased. The view contended for by the administrator is entirely untenable, since it would deny to the probate courts of the state the right to enforce such orders relative to the distribution of estates as they may see fit to make, leaving administrators, when final settlements are approved, in full possession of all the property then in their hands, and at liberty to deal with it as they please until they are called to account by some other tribunal than that from which they originally derived their authority. We are satisfied, therefore, that under the laws of the state of Minnesota the approval of a final settlement, and an order of distribution made thereon, does not operate forthwith to discharge the administrator, but that its effect is to give the distributees a right to the possession of the property that has been assigned to them, and a right to invoke the power of the probate court, as against the administrator, to compel obedience to its orders. Finding no error in the record, the judgment below is accordingly affirmed.

SANBORN, Circuit Judge. I concur in the judgment in this case for the reasons stated in the opinion of the court, and for the further reason that creditors, heirs, and legatees who are citizens of other states are not deprived of their right to maintain and try their suits in the federal courts against administrators, executors, and all other parties who are citizens of the state of the decedent, nor are they barred of their original rights to maintain and to try these suits in the federal courts, by their failure to present their claims to the state courts as provided by the administration statutes of the states. Suydam v. Broadnax, 14 Pet. 67, 74, 10 L. Ed. 357; President, etc., v. Vaiden, 18 How. 503, 507, 15 L. Ed. 472; Borer v. Chapman, 119 U. S. 587–589, 7 Sup. Ct. 342, 30 L. Ed. 532; Lawrence v. Nelson, 143 U. S. 215, 224, 12 Sup. Ct. 440, 36 L. Ed. 130; Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260; Arrowsmith v. Gleason, 129 U. S. 86, 98, 9 Sup. Ct. 237, 32 L. Ed. 630; Johnson v. Waters, 111 U. S. 640, 667, 4 Sup. Ct. 619, 28 L. Ed. 547; Hayes v. Pratt, 147 U. S. 557, 570, 13 Sup. Ct. 503, 37 L. Ed. 279; Byers v. McAuley, 149 U. S. 608, 621, 13 Sup. Ct. 906, 37 L. Ed. 867; Hyde v. Stone, 20 How. 170, 175, 15 L. Ed. 874; Hess v. Reynolds, 113 U. S. 73, 76, 5 Sup. Ct. 377, 28 L. Ed. 927.