# CONNECTICUT MUTUAL LIFE INSURANCE COMPANY v. EDWARD J. SCHURMEIER and Others.[1]

May 17, 1912.

Nos. 17,516—(115).

**Claim against decedent — jurisdiction of Federal court.**
> Federal courts in equity have jurisdiction to establish the claim of a foreign creditor against the estate of a decedent by a decree to that effect. Such a decree, when a certified copy thereof is filed in the proper probate court, stands as a claim duly proven and allowed against the estate of the decedent. It is the duty of the personal representative of the decedent to pay the claim in the due course of administration, and no order of the probate court allowing the claim or directing its payment is necessary.

**Complaint sufficient.**
> The complaint alleges facts sufficient to constitute a cause of action.

Action in the district court for Ramsey county against Edward J. Schurmeier, Hubert C. Schurmeier, Emma A. Miller, and The United States Fidelity & Guaranty Company, to recover $9,876.19 upon an executors' bond. From an order, Hallam, J., overruling their separate demurrers to the complaint, defendants appealed. Affirmed.

*Harris Richardson* and *Walter Richardson,* for appellants.
*Markham & Sanborn,* for respondent.

START, C. J.
This is an appeal from an order of the district court of the county of Ramsey, overruling the separate demurrers of the several

[1] Reported in 136 N. W. 1.

defendants to the complaint, and involves the question whether the complaint alleges facts sufficient to constitute a cause of action as to each and all of the defendants. Such allegations, so far as here material, are to the effect following:

On July 16, 1900, John H. Schurmeier, then a resident of the county of Ramsey, died testate, and his will was admitted to probate on December 27, 1900, by the probate court of that county. Thereupon the three individual defendants were appointed executors of the will. They accepted the trust, and gave an executors' bond, as principals, with the other defendant as surety, in the sum of $30,000, conditioned for a faithful discharge of all the duties of their trust according to law. December 27, 1900, the probate court made an order limiting to six months the time for creditors to present their claims, directing the executors to pay such claims and settle the estate within one year from that date. On or about the third day of April, 1907, in a suit then duly pending since February 7, 1902, in the United States Circuit Court, District of Minnesota, Third Division, sitting as a court of equity, and wherein the plaintiff herein, a foreign corporation, was complainant, and the individual defendants herein, as executors of the last will of the testator, were defendants, who appeared therein and contested plaintiff's claim against the estate of the testator, a decree was duly had and entered by such court in favor of complainant, the plaintiff herein, and against such executors, and each of them, establishing plaintiff's claim against such estate, for the sum of $9,876.19. In and by such decree the court directed that a certified copy thereof be filed in the probate court of the county of Ramsey, and that the executors pay to the plaintiff the amount of their claim so established, out of the assets of the estate, in the usual course of administration, the same as other claims allowed against the estate. Thereafter, and on April 9, 1907, a duly certified copy of the judgment and decree was duly filed in and received and recorded by the probate court as a claim against the testator's estate, and ever since that time has remained therein as a part of the files and proceedings in the estate. The probate court allowed claims,

other than plaintiff's, which, with legacies, have been paid. The executors have distributed the bulk of the estate, which amounted to more than the full amount of all claims proven, and have converted the assets of the estate to their own use, and neglected to pay the claim of the plaintiff. The estate is solvent, and the executors have received more than enough money therefrom to pay all proven claims.

Prior to the commencement of this action the plaintiff duly obtained from the probate court of the county of Ramsey an order allowing the plaintiff to bring suit against the principals and the suret⁻ on the bond of the executors.

It is urged in support of the demurrer that the claim of the plaintiff against the estate of the testator was not presented to the probate court within the time limited by its order, nor within one year and six months, the ultimate limitation, and that no claim can be made a charge upon the testator's estate unless presented within five years after his death. This must be conceded, unless the commencement of the action in the Federal circuit court was a presentation of the claim within the statutes of this state. If the action had not been commenced within one year and six months from the time when notice of the order limiting the time for presenting claims was given, and in any event before the final settlement of the estate and decree of distribution, it could not rightfully have been maintained. Security Trust Co. v. Black River National Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. ed. 147; State v. Probate Court of Ramsey County, 84 Minn. 289, 87 N. W. 783. The action in the circuit court was commenced before the expiration of one year and six months, and while the settlement of the estate was pending.

The jurisdiction of Federal courts in equity to establish the claim of a foreign creditor against the estate of a decedent cannot be questioned, in view of the decisions of the Federal supreme court, and a decree establishing such a claim must be given full effect by state courts, although they may question its correctness. The decree of the circuit court establishing the plaintiff's claim in this

case necessarily rests upon the proposition that the commencement of the action was a presentation of the claim within the statutes of this state. The circuit court so decided, and directed the executors to pay the claim in the usual course of administration of the estate. Schurmeier v. Connecticut Mut. Life Ins. Co., 171 Fed. 1, 96 C. C. A. 107. This decree, even if it be erroneous, as the able dissenting opinion of Sanborn, J., indicates, binds the parties thereto, and must be given full effect. Ames v. Slater, 27 Minn. 70, 6 N. W. 418.

It is further urged by appellants in effect that the complaint does not state a cause of action, because it does not allege a formal adjudication of plaintiff's claim and an order of the probate court directing the payment of the claim. The decree establishing the claim left nothing to the discretion of the probate court; for, were it otherwise, the probate court could defeat or embarrass the enforcement of the decree. The plaintiff's claim, after the certified copy of the decree was filed in the probate court, was in legal effect one duly allowed against the estate and ordered to be paid. Berkey v. Judd, 27 Minn. 475, 8 N. W. 383. No order of the probate court for its payment was necessary. Johanson v. Hoff, 70 Minn. 140, 72 N. W. 965. If the allegations of the complaint are true, they show a default by the executors in the conditions of the bond, for which they and their surety are liable.

Order affirmed.