# CONNECTICUT MUTUAL LIFE INSURANCE COMPANY v. EDWARD J. SCHURMEIER and Others.[1]

May 8, 1914.

Nos. 18,657—(61).

**Claim against estate — judgment conclusive against surety — action on executor's bond.**

In this action on an executor's bond, based on the failure of the executors to pay a claim against the estate that had been allowed and ordered paid, it is *held:*

(1) A decree of the United States Circuit Court allowing plaintiff's claim against the estate and ordering it paid was conclusive that the claim was not barred by statute, and obligated the executors to pay the claim out of the funds of the estate. No order of the probate court was necessary.

(2) Findings that the estate was solvent and that the executors, at and after the time the decree was filed, had funds of the estate under their control sufficient to pay the claim, and without excuse refused to do so, are sustained by the evidence. The failure to pay the claim constituted a breach of the bond.

(3) The decree was conclusive against the surety on the bond, though it was not a party to the litigation. The principal having broken the bond, the surety is liable.

(4) The fact that plaintiff applied for an order of the probate court directing the executors to pay the claim does not affect the right to recover on the bond.

(5) After an action on an executor's bond is commenced, an order of the probate court vacating its order granting leave to bring such action, has no effect.

After the former appeal reported in 117 Minn. 473, 136 N. W. 1, defendants answered the complaint. The case was tried before Dickson, J., who made findings and ordered judgment in favor of plaintiff for $9,876.19, and interest. Defendants' motion to amend the findings of fact and conclusions of law was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

[1] Reported in 147 N. W. 246.

*Harris Richardson* and *Walter Richardson,* for appellants.
*Markham & Brill,* for respondent.

BUNN, J.

This action was brought on a bond executed by defendants Schur-meier and Miller as principals and by defendant Fidelity and Guaranty Co. as surety, conditioned on the faithful execution by the principals of the trust reposed in them as executors of the will of John H. Schurmeier, deceased. The case was here on demurrer and the complaint was held to state a cause of action. Connecticut Mutual Life Ins. Co. v. Schurmeier, 117 Minn. 473, 136 N. W. 1, Ann. Cas. 1913D, 462. The allegations of the complaint are fully stated in the former opinion. After this decision, defendants answered, and the case was tried before the court without a jury. The result was a decision in favor of plaintiff and against all of the defendants. A motion to amend the findings and conclusions was denied, as was a motion for a new trial.

Defendants appealed from the judgment entered on the decision, and also from the order denying a new trial.

The chief contention of defendants is that the facts show no breach of the bond. When the case was here on demurrer we held that, if the allegations of the complaint were true, plaintiff was entitled to recover. The evidence on the trial proved these allegations. The former decision is the law of the case save as the facts proved differ from those alleged in the complaint. A review of the facts bearing upon the ultimate question whether there was a breach of the bond that makes the principals and surety liable to plaintiff may not be out of place. John H. Schurmeier died July 16, 1900, leaving him surviving three children, defendants in this action, and children of a deceased child. On June 16 and for years prior thereto, he was the owner of a large amount of real and personal property situate in the City of St. Paul. In June, 1900, during his last sickness, Schurmeier caused two corporations to be organized, one known as the J. H. Schurmeier Realty Co. with a capital stock of $75,000, the other known as the J. H. Schurmeier Wagon & Carriage Co. with a capital stock of $25,000. Without other consideration than the issuance to

125 M.—24.

him of all of the stock of the corporations except three shares of each, Schurmeier transferred to the Realty Co. all of his real estate except one house and lot, and to the Wagon Co. the manufacturing plant theretofore conducted by him under the name of John H. Schurmeier Wagon Co. The stock issued to Schurmeier was owned by him at the time of his death. By his will, executed June 16, 1900, Schurmeier gave to his heirs all of his stock in the two corporations, in designated proportions, subject to his debts, devised to Hubert C. Schurmeier the house and lot before referred to, and bequeathed to his heirs certain other personal property. The will was admitted to probate December 27, 1900, defendants other than the Guaranty. Co. were appointed executors and gave the bond on which this action is brought. On the same day the probate court made its order allowing the executors one year in which to pay claims and settle the estate. The executors have never applied for a modification of this order and it has not been modified. On the same day an order was entered limiting the time for creditors to file claims to six months from said date.

February 2, 1902, plaintiff commenced an action in the United States Circuit Court to recover of defendants Schurmeier and Miller, as executors, approximately $7,000, a balance due on a note of John H. Schurmeier after applying the proceeds realized on a sale of property mortgaged to secure the note. The mortgage was foreclosed in January, 1902. In the answer to this action, defendants alleged that no claim was presented in the probate court on behalf of plaintiff, nor any application made to that court for leave to file such claim, or for an extension of time in which to do so, and that no ground for such extension existed. A demurrer to this answer was sustained by the circuit court, but the judgment entered thereon was reversed by the circuit court of appeals and the demurrer overruled, on the authority of Security Trust Co. v. Black River Falls Nat. Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. ed. 147, which reversed Security Trust Co. v. Dent, 43 C. C. A. 594, 104 Fed. 380, in which the court of appeals had held that an action might be maintained against an executor or administrator in the Federal court, notwithstanding the fact that the time for presentation of claims in the

state court had expired prior to the commencement of the action, without alleging any excuse for not bringing the action within the time so limited. Leave was granted plaintiff to reply to the answer or to amend its complaint, "stating its cause of action in law or in equity as it may be advised." The complaint was amended to show that plaintiff's claim was a contingent one and could not have been presented to the probate court within the six months allowed. Judgment was for the plaintiff, but there was a reversal by the court of appeals, on the ground that, as the suit was commenced after the expiration of the time limited for filing claims, resort must be had for relief to a suit in equity. The case was remanded to the circuit court for further proceedings not inconsistent with the views expressed in the opinion. Schurmeier v. Connecticut Mut. Life Ins. Co. 137 Fed. 42, 69 C. C. A. 22. When the case was remanded the 18 months during which the probate court may, for good cause shown, hear and allow a claim, had expired. By leave of court, the case was transferred to the equity side and the complaint was recast into a bill in equity, alleging grounds for the delay. The trial resulted in a decree in favor of plaintiff, rendered April 3, 1907. It was adjudged and decreed that complainant recover of the defendants as executors the sum of $7,074.90, with interest since January 25, 1902, and costs, and that a certified copy of the decree be filed in the probate court of Ramsey county, Minnesota, and that the judgment be paid by the executors in the usual course of administration upon the estate. This certified copy of the decree was filed in the probate court April 9, 1907. Defendants appealed to the circuit court of appeals, but the decree was affirmed, Judge Sanborn dissenting. 171 Fed. 1, 96 C. C. A. 107.

It was held that when a foreign creditor seeks to establish in the Federal courts his claim against the personal representatives of a decedent, it administers the state laws, that the limitation of 18 months relates to the time the claim is presented, that the commencement of an action on the claim in a Federal court is a presentation of the claim within the statute, and that the transfer of the case to the equity side and the amendment of the pleadings did not constitute the bringing of a new suit, but related back to the commencement of

the action in February, 1902. The conclusion was that the power of the Federal court to consider and allow the claim was not barred by limitation, and that the facts shown were sufficient to authorize its consideration and allowance.

The executors have not paid the claim, though there never was any defense to it on the merits, and though the decree of the Federal court clearly wiped out the defense that the claim was barred by limitation. The executors paid many other claims against the estate, some of which had never been presented or allowed. They have uniformly treated the property standing in the names of the Realty Co. and Wagon Co. as assets of the estate. The estate is and always has been solvent and able to pay all proper claims. No application has been made to the probate court by the executors asking for directions or for license to sell any property of the estate.

Prior to the commencement of this action plaintiff procured from the probate court an order authorizing it to bring suit against defendant Bonding Co. and the other defendants upon the executor's bond. After this action was commenced, and after the decision on the former appeal, the probate court vacated this order.

1. It was conclusively established by the decree of the Federal court in April, 1907, that plaintiff's claim was not barred, and that it was allowed and must be paid by the executors in the course of administration. It is entirely clear that the questions determined in that case cannot be re-examined here, and that the decree is binding on this court, whether right or wrong. Connecticut Mutual Life Ins. Co. v. Schurmeier, 117 Minn. 473, 136 N. W. 1, Ann. Cas. 1913D, 462. It is equally clear from the decision on the former appeal and upon principle that no order of the probate court for the allowance or payment of the claim was necessary. The commencement of the action in the Federal court in February, 1902, was a presentation of the claim, and the decree in that action was an allowance of the claim and a direction that it be paid.

2. It is urgently insisted that the executors have not broken the conditions of the bond in failing to pay the claim. We may concede that they were within their rights in resisting the litigation in the Federal court, and in not paying the claim until it was finally al-

lowed by that court. But after the decree was filed in the probate court, and especially after its affirmance by the court of appeals, it was the duty of the executors to pay it, providing the funds under their control as executors were sufficient. It is found that the estate was wholly solvent, and this finding is amply sustained by the evidence. There was no longer any defense to the claim. No sufficient reason or excuse is offered for the failure to pay it. There can be no doubt that it is the duty of executors to pay allowed claims when directed to do so, if they have sufficient assets. It would seem equally clear that an unexcused failure to pay such a claim is a breach of the executor's bond. One of its conditions, indeed, is that the executors shall, out of the estate of the deceased, pay and discharge all debts chargeable on the same. Johanson v. Hoff, 70 Minn. 140, 72 N. W. 965. Our conclusion is that the facts found are sustained by the evidence, and that the executors, in failing to pay plaintiff's claim, breached the bond.

3. It is contended that the surety is not liable because it was not a party to the litigation which resulted in the decree allowing plaintiff's claim. This claim is not sustained. The decree was conclusive against the surety. 18 Cyc. 1272. The principal having broken the bond, the liability of the surety follows.

4. The fact that plaintiff applied to the probate court for an order directing the executors to pay its claim does not affect its right to recover on the bond. It is possible that plaintiff might have been able to procure from the probate court an order directing the executors to pay the claim out of funds of the estate, though its efforts in that direction were resisted by defendants and do not appear to have been very successful. It is difficult to see how such an order would have been any more likely to produce payment than the decree ordering the claim paid, which was ignored by defendants. It would add nothing to the decree. When the conditions of the bond were broken by the failure of the executors to pay a claim that had been duly allowed and ordered paid, the right to bring suit on the bond accrued. Johanson v. Hoff, supra; 18 Cyc. 1268.

5. Plaintiff, before bringing this action, procured leave to do so from the probate court, as was necessary. After the decision of this

court affirming the order overruling a demurrer to the complaint, and before the trial on the merits in the court below, the probate court, on defendant's motion, set aside its order granting leave to sue, as improvidently granted. It is argued that this left plaintiff in a position where it could not proceed with the suit. If this is correct, the probate court could at any time before final judgment put an end to the action, though on trial in the district court, or in this court on appeal. We hold that after the commencement of the action it had authorized to be brought, the probate court could not affect such action by vacating its order.

We have examined the assignments of error argued in the brief or orally and not covered by what has been said, and content ourselves with saying that we find no reversible error in the trial court's rulings on the admission of evidence, or in its findings or refusals to amend its findings. The decision reached by the learned trial court was the only one that could have been rendered on the facts and the law was announced in the opinion of Chief Justice Start on the former appeal. We decline, however, to say that this appeal was frivolous, and to impose the penalty provided by statute in such cases.

The order and judgment appealed from are and each is affirmed.