## UNITED STATES FIDELITY & GUARANTY COMPANY OF BALTIMORE v. CONNECTICUT MUTUAL LIFE INSURANCE COMPANY and Others.[1]

July 7, 1914.

No. 18,915.

**Injunction.**

The facts did not warrant the court in aiding a surety by restraining the enforcement of a judgment, pending an action by the surety to compel the principal debtor to pay it. [Reporter.]

Action in the district court for Ramsay county against the Connecticut Mutual

[1] Reported in 148 N. W. 306.          [1] Reported in 147 N. W. 1135.

Life Insurance Co., Edward J. Schurmeier, Hubert C. Schurmeier and Emma A. Miller, to require defendant company to collect the amount of its judgment against plaintiff first from the principals, or out of the property of the estate and to restrain defendant company from collecting it out of the plaintiff, until after defendant company had exhausted the property from the estate and of the other defendants, and to restrain defendant company from filing with the insurance commissioner of the state, under the provisions of R. L. 1905, § 1603, any certified transcript of judgment and of the docket entry of judgment until defendant company had first exhausted the property of the other defendants and of the estate, and for a temporary injunction. The plaintiff's motion for a temporary injunction was denied, Dickson, J. From an order denying the motion, plaintiff appealed. Appellant obtained from this court an order directing defendant company and the insurance commissioner of the state to show cause why, during the pendency of the appeal, they should not be restrained from taking any steps under section 1603 of the Revised Laws of 1905. Order discharged.

*Harris Richardson* and *Walter Richardson*, for appellant.

*Markham & Brill*, for respondent.

PER CURIAM.

The Connecticut Mutual Life Insurance Co. duly recovered a judgment against Edward J. Schurmeier, and other heirs of John Schurmeier, deceased, principal debtors, and plaintiff in this action, United States Fidelity & Guaranty Co., as surety. The judgment was affirmed upon appeal to this court, 125 Minn. 368, 147 N. W. 246. Thereafter plaintiff herein, the surety, brought this action to compel the insurance company, the judgment creditor, to satisfy its judgment out of the property of the principal debtors, the Schurmeiers, and applied to the court below for an order restraining it from attempting to collect the same from the surety, and also restraining it from making an application to the state insurance commissioner for a revocation of the license of the surety to do business in this state, for its failure to pay the judgment; and that each and all of the defendants be so restrained pending the determination of the action. The application was denied and plaintiff appealed to this court. It applied here for a restraining order to the same effect as that denied by the district court, and an order to show cause why such an order should not be granted was issued and served upon the parties, including the state insurance commissioner.

After hearing the parties, it is ordered that the order to show cause be and the same hereby is in all things discharged.

If a surety against whom a valid judgment has been rendered may, in any case, delay payment thereof by the aid of the restraining power of the court

126 M.—34.

pending the determination of an action by the surety to compel the principal debtor to pay the same, the facts herein involved do not present a case for such relief.

Order discharged.