## Commonwealth, for Use and Benefit of Zimmer, v. Craig's Administratrices.

(Decided Nov. 9, 1933.)

ROBERT C. SIMMONS for appellant.
GALVIN & TRACY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

In February, 1930, Robert Walz and others instituted an action in equity in the Kenton circuit court against Nora W. Zimmer and others, seeking settlement of the estate of Conrad Walz and Mary Walz, deceased, and the sale, because of its indivisibility, of certain real estate left by decedents and jointly owned by the parties to the action.

Pursuant to judgment and order of sale, the master commissioner sold two separate pieces of property in the city of Covington, and C. A. Bramblett became the purchaser and executed three bonds covering the purchase price of each tract with Pearl Mildenberger, a married woman, as his sole surety.

Thereafter, John J. Craig, the master commissioner

who made the sale and took the purchase-money bonds, died, and Mattie Craig and Florence Schramm were duly appointed and qualified as his administratrices. In the meantime, however, the first sale bonds had matured, and not having been paid, a rule issued against the principal and surety to show cause for the failure to pay same.

In response to the rule, the principal answered that he was not financially able to meet his obligations. Mrs. Mildenberger responded in writing that she was a married woman and could not be held liable as surety on the bond. The court held her response to be sufficient and discharged the rule against her. It ordered the property to be resold, and at the second sale it brought $1,735 less than at the first sale.

This action was instituted in the name of the commonwealth of Kentucky, for the use and benefit of Nora W. Zimmer and the parties in interest in the former action who were entitled to the proceeds of the sale, against the administratrices of John J. Craig, seeking to recover the difference between the price realized at the first and second sales together with other sums in costs etc., occasioned by the resale.

Defendants answered denying the allegations of the petition and set up certain affirmative defenses, to which it is unnecessary to refer, since not pertinent to this appeal.

The cause having been submitted upon demurrer to the petition and to the second paragraph of the answer, the court sustained both demurrers, and in a written opinion and order held, in effect, that since the petition did not allege that the surety did not have sufficient property to qualify her as a surety under the provisions of section 684 of the Civil Code of Practice, but relied solely on the fact that she was a married woman, it did not state a cause of action because that fact relied upon for recovery did not disqualify her within the meaning of the law.

Thereafter an amended petition was filed alleging that at the time Mrs. Mildenberger was accepted by the master commissioner as surety on the bonds, she was insolvent and did not have property in this state liable to execution equal to the sum secured thereby. By order, the allegations of the amended petition stood

traversed of record and the cause was submitted upon an agreed statement of facts. On final hearing it was adjudged that the petition as amended be dismissed, and plaintiffs are appealing.

Section 1676, Kentucky Statutes, relates to bonds taken on the sale of property under an order on judgment in chancery, and section 1677 provides:

"The officer taking any of the bonds aforesaid, and his sureties, or their representatives, shall be jointly and severally liable to the person injured for any damage he may sustain by taking surety thereon who is not solvent when received."

Section 684 of the Civil Code of Practice provides:

"The surety in every bond provided for by this Code must be a resident of this State, and be worth double the sum to be secured beyond the amount of his debts, and have property liable to execution in this State equal to the sum to be secured. If there be two or more sureties in the same bond they must, in the aggregate, have the qualifications prescribed in this section."

Under the construction contended for by counsel for appellees and apparently given to this section of the Code by the lower court, any resident of this state who possesses sufficient property to meet its requirements may be accepted by a master commissioner or other officers of a court without regard to any disability under which they may be laboring without subjecting such commissioner or other officer to the liability imposed by section 1677 of the Statutes. We cannot give our assent to such a narrow and restricted construction of this Code provision, since to do so would, in effect, nullify and abrogate all statutes and laws with respect to liability of married women and all persons under disability in so far as suretyship on official bonds is concerned. It is manifest that it was not intended by this Code provision that a master commissioner or other officer of the court might accept a surety on bonds who is merely solvent in the sense that he possesses sufficient property to meet the Code requirement. Necessarily the surety should be solvent in the sense that he has property in the state liable to execution equal to the sum secured; but as recognized by practically all courts and text-writers, solvency implies not only the

present ability of the surety to pay the bond out of his estate, but also such a condition or relation of the surety to his property as that it may be reached and subjected by process of law to the payment of the bond attempted to be secured without his consent. Mitchell v. Bradstreet Co., 116 Mo. 226, 22 S. W. 358, 724, 20 L. R. A. 138, 38 Am. St. Rep. 592; Herrick v. Borst & Warnick, 4 Hill (N. Y.) 650; Johanson v. Hoff, 70 Minn. 140, 72 N. W. 965; Daniels v. Palmer, etc., 35 Minn. 347, 29 N. W. 162; 14 R. C. L. 628; 58 C. J. 806.

In the case of Pelham v. Chattahoochie Grocery Co., 156 Ala. 500, 47 So. 172, 175, it is said:

"A man may be fully able to pay his debts, if he will, and yet in the eye of the law he is insolvent if his property it so situated that it cannot be reached by process of law and subjected, without his consent, to the payment of his debts. To say that a debtor is solvent, when his entire estate is exempt to him from the payment of his debts and cannot be subjected by his creditors against his will, would be a solecism. Solvency involves, not only the ability of the debtor to pay, but the ability of the creditor to enforce payment by legal process."

The agreed statement of facts relates largely to the property owned by Mrs. Mildenberger, and argument is made pro and con with respect to the sufficiency of her property to meet the Code requirements. Without going into detail, it is apparent that she did not possess sufficient property to qualify her as surety on the sale bonds; however, it is unnecessary to determine that matter, because none of her property could be reached by process of law or subjected to the payment of the bonds without her consent. Therefore, under the rules above enunciated, the master commissioner accepted as sole surety on the bonds a person who was insolvent.

Counsel for appellees point out that under subsection 2 of section 1676 of the statute, the bonds therein mentioned have the force and effect of a judgment and, if not paid at maturity, execution may issue thereon; and argue that Mrs. Mildenberger cannot escape liability on the ground of coverture because a plea in avoidance of her liability was not seasonably interposed. While this argument is ingenious, it is neither

222

logical nor convincing. Clearly the purpose of this statutory provision was to obviate the necessity of an action upon sale bonds and to permit execution without further judgment or order, and it does not operate to deprive a surety from asserting any legal defense he may have in avoidance of liability on the bonds.

Wherefore the judgment is reversed, with directions to enter judgment in conformity with this opinion.