## GOEBEL v. AMERICAN RAILWAY SUPPLY CO. et al.

### SAME v. GOLDMANN.

#### (Circuit Court, S. D. New York. May 13, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

Letters patent No. 345,965, issued to John C. Goebel July 20, 1886, for an improvement in hats or caps, claimed "in a hat or cap having a flexible tip, the body or skeleton of the side crown, formed of wire cloth, the ends of which are connected by an angular seam." In a suit for infringing this patent defendants produced affidavits that this mode of making hats and caps had been known and used during several years before the date of the patent; and a British patent, granted in 1864, showed metal threads or wires cut obliquely into strips similar to those claimed in the patent. *Held,* that a preliminary injunction would not be granted.

In Equity. On motion for preliminary injunction. Demurrers to the bills were heretofore passed upon. See 55 Fed. Rep. 825.

Thos. F. Byrne, for plaintiff.

Wm. C. Hauff, for defendants.

TOWNSEND, District Judge. These are applications for preliminary injunctions to restrain the alleged infringement of letters patent No. 345,965, granted to complainant July 20, 1886, for an improvement in hats or caps. The defendants have already demurred to the complaints on the ground that the patent in suit is void on its face for want of patentable novelty, and because it does not claim a combination, and said demurrers have been overruled. The claim of said patent is as follows:

"In a cap or hat having a flexible tip, the body or skeleton of the side crown, formed of wire cloth, the ends of which are connected by angular seam, A, as set forth."

The patents and affidavits introduced by defendants as to the state of the art show that complainant's patent is not for a primary or important invention. It is claimed in the affidavits that this mode of making caps was publicly known and used by various persons during several years prior to the date of said patent. The British patent No. 309, of the year 1864, granted to R. A. Brooman, for bonnets and caps, shows metal threads or wires cut obliquely into strips, similar to those claimed in the patent in suit. It does not seem necessary to discuss the various defenses presented on the preliminary hearing, further than to say that they have raised such a doubt in my mind as to the validity of the patent that I think a preliminary injunction should not be granted. The applications are denied.