## SECURITY TRUST COMPANY *v.* DENT.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 42. Argued April 21, 22, 1902.—Decided December 1, 1902.

Where a case is originally brought to this court by writ of error, but it appears that the proper course was to have brought the final judgment of the Circuit Court of Appeals for review by writ of certiorari, this court under the powers given by the judiciary act of March 3, 1891, may allow a writ of certiorari and direct that the copy of the record heretofore filed under the writ of error be taken and deemed as a sufficient return to the certiorari.

The facts and questions of law involved in this case are similar to those decided in the case of *Security Trust Company* v. *Black River National Bank*, p. 211, *ante*.

THE case is stated in the opinion of the court.

*Mr. Edmund S. Durment* for petitioner. *Mr. Albert R. Moore* was with him on the brief.

*Mr. Edward C. Stringer* for respondent. *Mr. McNeil V. Seymour* was with him on the brief.

MR. JUSTICE SHIRAS stated the facts and delivered the opinion of the court.

This was an action brought in January, 1897, in the Circuit Court of the United States for the District of Minnesota, by William H. Dent, as receiver of the First National Bank of Decorah, Iowa, against the Security Trust Company of St. Paul, Minnesota, as administrator of the estate of Sumner W. Matteson, deceased, to recover the sum of $13,535.06, being the amount of principal and interest of certain promissory notes made by said Matteson in his lifetime, and which were the property of the said national bank. The execution and ownership of the notes were not denied, nor that the Security Trust Company had been, on September 3, 1895, duly appointed by the probate court of Ramsey County, Minnesota, administrator of the estate of said Matteson.

The defendant, however, alleged in its answer that the action was not brought until after the expiration of the time limited by the order of the probate court for the filing, examination and allowance of claims against Matteson's estate, nor until after the examination and allowance of the administrator's final account, whereby, under the laws of the State of Minnesota, the official existence of the defendant company as administrator had ceased, and that therefore no action could be maintained against it; and also that the right to a judgment on the notes in suit was, by the laws of Minnesota, forever barred, notwithstanding they were owned by a non-resident of the State, and that recovery was sought in a Federal court.

The plaintiff obtained a judgment in the Circuit Court, and that judgment was affirmed by the Circuit Court of Appeals for the Eighth Circuit. The case is reported in 104 Fed. Rep. 380. The cause was then brought here by a writ of error. We think the proper course was to have asked for a writ of certiorari to bring the final judgment of the Circuit Court of Appeals here for review. However, under the powers possessed by us under the judiciary act of March 3, 1891, we now allow a writ of certiorari, and direct that the copy of the record heretofore filed under the writ of error shall be taken and deemed as a sufficient return to the certiorari.

The questions presented are similar to those just decided in the case of *Security Trust Company* v. *Black River National Bank*, tried in the same court, and where the parties were represented by the same counsel which appear in this one.

Accordingly, for the reasons given in the opinion in that case,

*The judgment of the Circuit Court of Appeals is reversed; the judgment of the Circuit Court is likewise reversed, and the cause is remanded to that court with directions to enter judgment in accordance with the opinion of this court.*