SCHURMEIER et al. v. CONNECTICUT MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit.   May 12, 1903.)

No. 1,855.

1. FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—ACTION AGAINST EXECUTORS.

An action by a citizen of another state against executors in Minnesota, to enforce a claim against the estate of the decedent, cannot be maintained in a federal court after the time limited by the state statute for presenting claims to the probate court for allowance has expired, where the claim was not so presented, and no excuse is alleged for the failure to present it.

In Error to the Circuit Court of the United States for the District of Minnesota.

This cause comes here upon writ of error to review a judgment of the Circuit Court for the District of Minnesota in favor of the defendant in error, which was the plaintiff below, upon an order sustaining its demurrer to the answer of the defendants. This action, which was commenced February 7, 1902, was brought to recover a balance due upon a promissory note given by the testator of plaintiffs in error to defendant in error, dated July 2, 1894, and due July 2, 1899. He died July 16, 1900. His will was admitted to probate and letters testamentary issued thereon December 27, 1900, and on that day an order was made allowing six months from that date for the presentation of claims against his estate, and fixing the first Monday in July, 1901, as the date of hearing thereon in the probate court. The state statute provides that at the time of granting letters testamentary or of administration the probate court shall fix a time within which claims may be presented, which shall not be less than six nor more than eighteen months. The answer alleged that no claim was presented there, by or on behalf of the defendant in error; nor any application made for leave to file, or for any extension of time within which to file, a claim; and that no ground existed for such extension. A demurrer was interposed to this answer, and was sustained, and judgment was entered thereon, from which plaintiffs in error appealed to this court.

Hiram F. Stevens (John D. O'Brien, Haydn S. Cole, and Armand Albrecht, on the brief), for plaintiffs in error.

George W. Markham (James E. Markham, on the brief), for defendant in error.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

PER CURIAM. It was claimed upon argument by counsel for defendant in error that, although the complaint failed to so state, the maturity of the note sued upon had been extended, during the lifetime of the testator, to a date subsequent to the expiration of the time allowed by the state court for the presentation of claims, and that the complaint was drawn in reliance upon the prior decision of this court in the case of Security Trust Company v. Dent, 43 C. C. A. 594, 104 Fed. 380, wherein it was held that an action might be maintained against an executor or administrator in the federal court, notwithstanding the fact that the time for presentation of claims in the state court had ex-

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. White, 29 C. C. A. 553.

pired prior to the commencement of the action, without alleging any excuse for not bringing the action within the time so limited. That judgment was reversed by the Supreme Court by a decision filed December 1, 1902 (Security Trust Co. v. Black River Nat. Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. Ed. 147), after the trial of this action in the Circuit Court and the entry of judgment therein.

As the record now stands, upon the authority of that case the judgment of the court below must be reversed, and the demurrer overruled, but with leave to the plaintiff to reply to the answer or to amend its complaint, stating its cause of action at law or in equity, as it may be advised, and with leave to the defendants to answer or otherwise plead to such amended complaint.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded for further proceedings in accordance herewith.