SCHURMEIER et al. v. CONNECTICUT MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit.   April 10, 1905.)

No. 2,123.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATES—FEDERAL COURTS—CONCURRENT JURISDICTION.

The federal courts have concurrent jurisdiction with the courts of the states to hear and allow claims against the estates of deceased persons which involve controversies over the requisite amounts between citizens of different states, notwithstanding the fact that the states have by their legislation conferred exclusive jurisdiction to hear and adjudge such claims upon their probate or other state courts.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 1410.]

2. SAME—PRACTICE—FEDERAL COURTS—DISTINCTION BETWEEN LAW AND EQUITY.

In the national courts an action at law cannot be maintained in equity, nor is an equitable cause of action nor an equitable defense available at law.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 913.]

3. SAME—FEDERAL COURTS—ACTION AT LAW FOR ALLOWANCE OF CLAIM.

An action at law may be maintained in a federal court to secure the allowance of a claim against an estate and a certificate of it to the proper state court for payment in its class, when the action is commenced within the time limited by the statute or by the order of the state court for the presentation of claims against the estate, and no relief in equity is requisite to permit the allowance of the claim.

4. SAME—FEDERAL COURTS—SUIT IN EQUITY INDISPENSABLE TO ALLOWANCE OF CLAIM.

When, in the federal courts, the allowance of a claim for good cause shown out of the time limited, or the extension of such time for such a cause, or other relief which can be secured by the exercise of the judgment of a chancellor only, is indispensable, resort must be had to a suit in equity to invoke the jurisdiction of the national courts over the estates of deceased persons which they derive from the English Court of Chancery.

5. SAME—FEDERAL COURTS GOVERNED BY SAME RULES AS LOCAL TRIBUNALS.

In allowing claims against the estates of deceased persons the federal courts are administering the laws of the states, and they are governed

by the same rules which direct the local tribunals, where those rules violate no right secured by the Constitution or laws of the United States.

6. SAME—CONTINGENT CLAIMS—LIMITATIONS.

In Minnesota the probate court may, by order, fix the time within which claims against estates of decedents may be presented, and may for good cause shown allow such claims to be presented after the expiration of this time, and within 18 months after notice of its order.

Actions upon claims which are so contingent that they are not susceptible of ascertainment and proof within the time limited by the order of the probate court, but which become absolute and provable a sufficient length of time before the expiration of the 18 months to give the creditors a reasonable opportunity to present their claims and to show cause within the 18 months, are barred unless the claims are presented and the cause is shown within that time. Jorgenson v. Larson, 88 N. W. 439; 85 Minn. 134, 136; Hunt v. Burns (Minn.) 95 N. W. 1111.

7. FEDERAL COURT—JURISDICTION IN EQUITY.

A federal court has jurisdiction to entertain a suit in equity to permit the presentation of and to allow such claims for good cause shown, after the time limited by the order of the probate court, and within the 18 months.

But actions at law for the allowance of such claims cannot be maintained, because they are barred in the absence of judicial permission to present them after the time limited by the order of the probate court, and this permission can be granted in the federal court in a suit in equity only.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Minnesota.

This writ of error challenges a judgment of $7,922.45 against the defendants below as executors of the will of John H. Schurmeier upon a demurrer to their answer. These are the material facts which the pleadings disclose: John H. Schurmeier was a citizen and resident of the state of Minnesota when he died on July 16, 1900. At the time of his death the Connecticut Mutual Life Insurance Company held his promissory note and mortgage for $50,000, payable on July 2, 1904, and for interest on this amount payable semiannually. The mortgage contained an agreement that the mortgagor should pay the taxes and the premiums for insurance upon the property, and that, if he failed to do so, or to pay any installment of interest when due, the entire debt should, at the option of the mortgagee, become due. Prior to June 2, 1901, taxes and assessments upon the property became delinquent. Default was made in the payment of the semiannual installments of interest which became due on July 2, 1901, and on January 2, 1902. On January 25, 1902, the mortgaged premises were sold in foreclosure proceedings. The proceeds of the sale were applied to the payment of the debt, and there remained a balance of $7,074.90 of the debt unpaid. The judgment below was for this deficiency. Meanwhile, on December 27, 1900, the will of Schurmeier was allowed. The defendants were appointed executors, and the period of six months from that date was fixed by an order of the probate court of Ramsey county, Minn., for the presentation to it of claims against the estate of the deceased. The claim of the insurance company was never presented to it, but this action was commenced on February 7, 1902, in the Circuit Court for the District of Minnesota.

Harris Richardson, for plaintiffs in error.

George W. Markham (James E. Markham, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and PHILIPS and RINER, District Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The judgment in this case is assailed on the ground, among others, that this action at law is barred by limitation, because the claim upon which it is founded was not presented to the probate court or to the court below for allowance within the time fixed by the former court for the presentation of claims against the estate of the debtor. On the other hand, counsel for the insurance company argue that until the sale of the mortgaged premises and the application of their proceeds to the payment of the mortgage debt on January 27, 1902 (Gen. St. Minn. 1894, § 4529), this was a contingent claim, the liability of the estate for which depended entirely upon a future uncertain event, which might or might not happen, so that it was impossible to determine before that time whether or not there would ever be any liability, and so that it was impossible to present the claim until after June 27, 1901, the date of the expiration of the time limited by the order of the probate court for the allowance of claims against the estate of the decedent. For the purposes of the decision of this case this argument will be conceded to be sound without entering upon a discussion or determination of the questions which involve the nature of contingent claims. Notwithstanding this concession, the claim of the company became absolute, actionable, and susceptible of presentation, proof, and allowance on January 25, 1902, five months before the time expired within which claims might be allowed by the probate court for good cause shown.

The material provisions of the statutes of Minnesota upon this subject are:

"At the time of granting letters testamentary or of administration the court shall make an order limiting the time in which creditors may present claims against the deceased for examination and allowance, which shall not be less than six months nor more than one year from the date of such order.   *   *   * No claim or demand shall be received after expiration of the time so limited, unless for good cause shown the court may in its discretion receive, hear and allow such claim upon notice to the executor or administrator, but no claim shall be received or allowed unless presented within one year and six months from the time when notice of the order is given." Gen. St. Minn. 1894, '§ 4509.

"All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented to the probate court within the time limited in said order, and any claim not so presented is barred forever." Section 4511.

The federal courts have concurrent jurisdiction with the courts of the states to hear and adjudicate claims against the estates of deceased persons between citizens of different states, notwithstanding the fact that the states have by their legislation conferred exclusive jurisdiction to adjudge such claims upon their probate or other state courts. Union Bank of Tennessee v. Vaiden, 18 How. 503, 15 L. Ed. 472; Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440, 36 L. Ed. 130; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. In the exercise of this jurisdiction the national courts administer the laws of the state of the domicile of the decedent, and in the enforcement of these laws they uniformly follow the rules and decisions which govern the state tribunals in all

·cases in which those rules and decisions violate no right secured by the Constitution or laws of the nation. .Aspden v. Nixon, 4 How. 467, 498, 11 L. Ed. 1059; Walker v. Walker's Ex'r, 9 Wall. 743, 754, 19 L. Ed. 814; Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Morgan v. Hamlet, 113 U. S. 449, 5 Sup. Ct. 583, 28 L. Ed. 1043; Byers v. McAuley, 149 U. S. 608, 615, 13 Sup. Ct. 906, 37 L. Ed. 867; Security Trust Co. v. Black River National Bank, 187 U. S. 211, 227, 237, 23 Sup. Ct. 52, 47 L. Ed. 147.

The statutes of Minnesota empowered its probate courts to receive and allow claims at any time within 18 months after notice of the order which fixed the time within which they were to be presented. If the time fixed was less than 18 months, those courts nevertheless had jurisdiction after its expiration for good cause shown to receive and allow the claims at any time within the 18 months. The rules for the enforcement of the provisions of these statutes have been announced and established by the decisions of the Supreme Court of Minnesota. Actions upon claims that are so contingent and uncertain that they are not susceptible of ascertainment or proof within the 18 months after notice of the order which fixes the time for the presentation of claims against the estate of the decedent are not barred by a failure to present the claims to the probate court. Hantzch v. Massolt, 61 Minn. 361, 368, 63 N. W. 1069; Oswald v. Pillsbury, 61 Minn. 520, 523, 63 N. W. 1072; Lake Phalen Land & Improvement Co. v. Lindeke, 66 Minn. 209, 68 N. W. 974; Berryhill v. Peabody, 72 Minn. 232, 234, 75 N. W. 220. Actions upon claims which are susceptible of ascertainment and proof within the time fixed by the order of the probate court for the presentation of claims are barred if the claims are not presented within that time. Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069. Actions upon claims which are so contingent and uncertain that they are not susceptible of ascertainment and proof within the time fixed by the order of the probate court for the presentation of claims, but which become absolute and provable a sufficient length of time before the expiration of the 18 months after the notice of the order fixing the time to give the creditors a reasonable opportunity to present their claims and show cause within the 18 months, are barred unless the claims are presented and the cause is shown within that time. Jorgenson v. Larson, 85 Minn. 134, 136, 88 N. W. 439; Hunt v. Burns (Minn.) 95 N. W. 1111.

The case in hand falls under the last rule, which is well illustrated by the case of Jorgenson v. Larson. It is conceded that the claim upon which this action is based was so contingent and uncertain that it was impossible to ascertain or prove, prior to January 25, 1902, whether or not there would ever be any liability of the estate upon it. But it became absolute and provable 5 months before the expiration of the 18 months within which the probate court had jurisdiction to receive and allow it for good cause shown, and the failure to present it and to show that cause within that time is fatal to the action at law upon it under the rule and authorities last cited. In Jorgenson v. Larson the latter had a claim against the estate of K. O. Jorgenson, which was so contingent that it was

impossible to determine whether any liability of the estate would ever arise upon it until August 17, 1899. Jorgenson died August 28, 1898, and on October 10, 1898, the probate court, by order, limited the time for presentation of claims against the estate to six months from that date. The claim was therefore not provable within the time limited by the order, but it became absolute after the expiration of that time, but nearly eight months before the expiration of the eighteen months within which, for good cause shown, the probate court was authorized to permit its presentation and allowance. The Supreme Court of Minnesota held that the failure of the claimant to present his claim to the probate court and to show cause why it should be presented and allowed after it became absolute, and within the 18 months, was a perpetual bar to an action upon it.

This, then, was the situation of the case in hand. When the action before us was commenced, the probate court had the power to receive and allow the claim upon which this suit is founded upon the presentation to it of sound reasons why that course should be pursued. The court below had the same jurisdiction and power. Wherever the citizens of a state may secure a trial and decision of their controversies in its courts either by original suits, by appeals, or by other proceedings, citizens of different states have the right to the determination by the courts of the United States in appropriate proceedings either at law, in equity, or in admiralty, as the nature of the case may require, of like controversies between them which involve the requisite amounts. Darragh v. H. Wetter Mfg. Co., 23 C. C. A. 609, 615, 616, 78 Fed. 7, 13, 14; National Surety Co. v. State Bank, 56 C. C. A. 657, 667, 120 Fed. 593, 603, 61 L. R. A. 394; Barber Asphalt Paving Co. v. Morris (C. C. A.) 132 Fed. 945, 949, and cases there cited. But this power may be exercised and the relief sought may be obtained in the national courts by proceedings appropriate to the nature of the case and to the jurisdiction of those courts only. In the federal courts an action at law cannot be maintained in equity, nor is an equitable cause of action or an equitable defense available at law. While in many of the states statutes exist which permit the joinder of causes of action at law and in equity in the same suit, this course is not permissible in the federal courts. In truth the difference between causes of action at law and in equity is matter of substance and not of form, and no legislative enactment can really remove it. In the national courts this ineradicable difference is as sedulously preserved in the forms and practice available for their maintenance as it is in the natures of the causes themselves and in the principles upon which they rest. A legal cause of action may not be sustained in equity, because there is an adequate remedy at law, and it is only when there is no such remedy that a suit in equity can be maintained. Equitable causes and defenses are not available in actions at law, because they invoke the judgment and appeal to the conscience of the chancellor, and the free exercise of that judgment and conscience is forbidden in actions at law by the rule which entitles either party to a trial of all the issues of fact by a jury. Bagnell v. Broderick,

13 Pet. 436, 10 L. Ed. 235; Foster v. Mora, 98 U. S. 425, 428, 25 L. Ed. 191; Scott v. Armstrong, 146 U. S. 499, 512, 13 Sup. Ct. 148, 36 L. Ed. 1059; Lindsay v. Bank, 156 U. S. 485, 493, 15 Sup. Ct. 472, 39 L. Ed. 505; Schoolfield v. Rhodes, 82 Fed. 153, 155, 27 C. C. A. 95, 97; Davis v. Davis, 72 Fed. 81, 83, 18 C. C. A. 438, 440; Highland Boy Gold Min. Co. v. Strickley, 54 C. C. A. 186, 188, 116 Fed. 852, 854.

The relief indispensable to the allowance of the claim at bar and to its payment by the executors out of the property of the estate in their hands was the judicial permission to present the claim and to have it allowed after the time originally fixed for its presentation by the order of the probate court had expired. The demand for this relief was an appeal to the judgment and conscience of the chancellor. The claimant had no right to it upon which he could rely under the rules of the common law or of the statute. The demand presented an issue which was not triable by a jury or judicable in an action at law, but the allowance of which rested entirely in the discretion of a court of equity. A chancellor alone by the exercise of his conscience and judgment could determine whether or not the claimant presented good reasons why it had not urged its claim within the time originally fixed, and could determine whether or not permission should be granted to present it and have it allowed after the expiration of that time. The court below had no jurisdiction to hear or to determine that question in this action at law, and until it was heard and determined in favor of the insurance company its claim was forever barred, and no action at law upon it could be maintained. Hantzch v. Massolt, 61 Minn. 361, 368, 63 N. W. 1069; Hunt v. Burns (Minn.) 95 N. W. 1111; Security Trust Co. v. Black River National Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. Ed. 147. An action at law may be maintained in a federal court to secure the allowance of a claim against an estate and a certificate of it to the proper state court for payment in its class, when the action is commenced within the time limited by the statute or by the order of the state court for the presentation of claims against the estate, and no relief in equity is requisite to permit the allowance of the claim. But where the extension of the time fixed for the allowance of claims or the allowance of a claim out of the time prescribed for good cause shown, or other relief, which may be secured by the exercise of the powers of a chancellor only, is indispensable, resort must be had by a suit in equity to the jurisdiction of those courts over the estates of deceased persons which is derived from the Court of Chancery in England. Borer v. Chapman, 119 U. S. 587, 598, 599, 7 Sup. Ct. 342, 30 L. Ed. 532; Green's Adm'x v. Creighton, 23 How. 90, 93, 16 L. Ed. 419; Hagan v. Walker, 14 How. 29, 14 L. Ed. 312; Comstock v. Herron, 5 C. C. A. 266, 55 Fed. 803; Attorney General v. Cornthwaite, 2 Cox, Ch. 44; 1 Story, Eq. Jur. § 532.

The danger signal was planted upon the rock upon which this action has stranded when it was here before. At that time the record disclosed a claim due and actionable during the time fixed

for the presentation of claims. The Supreme Court had recently decided that an action at law upon a claim that was absolute and provable, but was not presented during the time fixed by the probate court for the allowance of claims against the estate of a decedent, was barred under the statutes of Minnesota, and bad said:

"Moreover, it is obvious, and it has always been held, that the Circuit Court cannot, in the trial of an action at law, exercise the power of a court of equity. An application to the federal court to decree an extension of time beyond the period previously prescribed by the probate court would have to be made by a bill in equity, showing good cause." Security Trust Co. v. Black River National Bank, 187 U. S. 211, 237, 23 Sup. Ct. 52, 47 L. Ed. 147.

In view of these facts this case was remanded to the court below "with leave to the plaintiff to reply to the answer or to amend its complaint, stating its cause of action at law or in equity, as it may be advised." Schurmeier v. Connecticut Mutual Life Ins. Co., 60 C. C. A. 51, 52, 124 Fed. 865, 866. No application has, however, been made by a bill in equity for the allowance of this claim out of time or for an extension of the time originally limited for the allowance of claims against the estate of the decedent, Schurmeier, and in deference to the decision of the Supreme Court which has just been quoted there is now no escape from the conclusion that this action at law cannot be maintained upon the facts which this record presents. The judgment below must accordingly be reversed, and the case must be remanded to the Circuit Court for further proceedings not inconsistent with the views expressed in this opinion, and it is so ordered.