ARMSTRONG CORK CO. v. MERCHANTS' REFRIGERATING CO. et al.

(Circuit Court, W. D. Missouri, W. D. July 16, 1909.)

No. 3,325.

1. COURTS (§ 414*)—FEDERAL COURTS—LAW AND EQUITY—JURISDICTION.
A federal Circuit Court, on its common-law side, had no jurisdiction either to foreclose a mechanic's lien or to award plaintiff any relief against his failure to proceed to the enforcement thereof within the statutory time.
[Ed. Note.—For other cases, see Courts, Dec. Dig. § 414.*]

2. LIMITATION OF ACTIONS (§ 119*)—COMMENCEMENT OF ACTION—TIME.
On the last day allowed by law for the commencement of an action to enforce a mechanic's lien, plaintiff filed a petition therefor on the law side of the Circuit Court. The petition contained no prayer for process, and the summons thereon was returned unexecuted by the marshal by direction of plaintiff's attorneys. Thereafter, on written præcipe, subpœnas in chancery were issued by the clerk and served, after which a bill in equity, containing no prayer for process, was filed on the law side of the court. Held, that such proceedings were insufficient to constitute the commencement of a suit to foreclose the lien within the time required.
[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 119.*]

3. EQUITY (§ 122*)—BILL—SUBPŒNAS—PRAYER FOR PROCESS.
Under equity rule 11, the clerk is expressly prohibited to issue chancery subpœnas until the bill is filed in his office.
[Ed. Note.—For other cases, see Equity, Cent. Dig. § 295; Dec. Dig. § 122.*]

4. EQUITY (§ 222*)—BILL—PRAYER FOR PROCESS—DEMURRER.
A bill which contains no prayer for process is demurrable.
[Ed. Note.—For other cases, see Equity, Dec. Dig. § 222.*]

5. COURTS (§ 414*)—BILL—FILING.
An amended petition or bill to foreclose a mechanic's lien, filed on the law side of the Circuit Court, was demurrable.
[Ed. Note.—For other cases, see Courts, Dec. Dig. § 414.*]

On Pleas to the Jurisdiction.

Ashley, Gilbert & Dunn, for plaintiff.

F. V. Kander, Botsford, Deatherage, Young & Creason, E. L. Scarritt, W. C. Scarritt, W. P. Hall, A. F. Evans, and W. B. Sutton, for defendants.

POLLOCK, District Judge. The substantial question presented by the pleas filed herein arises in this manner. Under the laws of this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

state relating to liens of materialmen and mechanics, an action to foreclose such lien must be commenced within 90 days from the filing of the lien. The plaintiff in this case, under contract with the defendant the Merchants' Refrigerating Company, furnished materials of large value, which were used in converting a building on the real estate described therein into a cold storage or refrigerating plant, and to secure itself prepared and filed its lien in pursuance of the laws of the state creating such liens and providing for their enforcement, and on the last day allowed by the law for the commencement of an action to enforce such liens, February 7, 1908, caused to be prepared by its counsel a petition, according to the practice obtaining in the courts of the state, under the Code, lodged this petition with the clerk of this court, and directed it to be filed as a common-law action. This petition contains no prayer for process, and the summons issued thereon was not at any time served on defendants, or either of them, by the marshal, but was, as shown by the return of the marshal indorsed thereon, returned unexecuted by direction of plaintiff's attorneys. Thereafter, and on the 10th and 11th days of February, 1908, respectively, on written præcipe filed for that purpose, two subpœnas in chancery were issued by the clerk and placed in the hands of the marshal for service, and were, as shown by the return of the officer indorsed thereon, served on defendants on the days on which they were issued. These chancery subpœnas commanded defendants to appear at the ensuing March rules of this court and answer the complaint of the Armstrong Cork Company filed against them on the 7th day of February, 1908. As has been seen, there was no suit on the equity side of this court pending at the date of the issuance and service of these chancery subpœnas to which defendants might have appeared. Thereafter, and on the 13th day of February, there was filed in the office of the clerk of this court, and in the above numbered and entitled case, a paper styled "Amended Petition or Bill to Foreclose Mechanic's Lien," which pleading, in most part, at least, conforms to a bill of complaint in equity to foreclose a lien on real property. However, it contains no prayer for process, and none has been taken out thereon. Further, it pleads neither justification nor excuse for failure to file bill of foreclosure within the 90 days provided by statute from the date of filing the lien, and prays no relief from the court relieving it of such failure.

At the March rules of this court defendants entered their appearance as commanded in the chancery subpœnas served upon them, and have severally demurred and pleaded to the amended petition or bill to foreclose mechanic's lien, averring want of jurisdiction of this court over them and failure to commence the suit within the 90 days provided by the statute. These pleas and demurrers were set down for hearing, and have been fully presented and submitted by solicitors for the respective parties, in oral arguments and on written briefs. In this state of the record the question raised for decision is this: Were the proceedings taken to bring defendants before the court to answer the demands of the moving party, plaintiff or complainant, commenced within the statutory period of 90 days? It is needless to observe this court, on its common-law side, is competent to neither foreclose the mechanic's lien set forth by plaintiff, nor to afford plaintiff any relief against its fail-

ure to proceed to the enforcement of a purely statutory right within such limitation as to time as may be prescribed by the statute. Security Trust Co. v. Black River National Bank, 187 U. S. 237, 23 Sup. Ct. 52, 47 L. Ed. 147; Thompson v. Railroad Companies, 6 Wall. 134, 18 L. Ed. 765; Schurmeier v. Conn. Mut. Life Ins. Co., 69 C. C. A. 22, 137 Fed. 42; Id. (C. C. A.) 171 Fed. 1.

It will be conceded an action at law is commenced by the filing of a petition and taking out writ of summons thereon; but in this case, as has been seen, the summons issued when the original petition was filed was returned by the marshal, under direction from counsel for plaintiff, without service or attempted service thereof. True, on præcipes filed for that purpose after the bar of the statute had fallen, chancery subpœnas were issued by the clerk and were served on defendants; but there was at this time no bill of complaint on file praying such process. Equity rule No. 23 provides:

"Prayer for Process.—The prayer for process of subpœna in the bill shall contain the names of all the defendants named in the introductory part of the bill, and if any of them are known to be infants under age, or otherwise under guardianship, shall state the fact, so that the court may take order thereon as justice may require, upon the return of the process."

Equity rule 11 provides:

"No process of subpœna shall issue from the clerk's office in any suit in equity until the bill is filed in the office."

Equity rule 12 provides:

"Whenever a bill is filed the clerk shall issue the process of subpœna thereon, as of course, upon the application of the plaintiff, which shall be returnable into the clerk's office the next rule day, or the next rule day but one, at the election of the plaintiff, occurring after twenty days from the time of the issuing thereof," etc.

Under the rules the clerk was without authority to issue the subpœnas issued and served in this case. Thereafter, and beyond the 90 days prescribed by the statute, there was filed with the clerk the amended petition or bill to foreclose a mechanic's lien. This was filed in the law action on the law side of the court, and, if effective for any purpose, operated to supersede the original pleading. If it had been filed on the equity side of the court as an original bill, and chancery subpœna had issued thereon, it would have been vulnerable to demurrer for three reasons: It contains no prayer for process, as required by the rules; it was filed after the time prescribed in the statute for foreclosing the lien asserted had expired; and there is no excuse for the delay pleaded therein. It has been held a bill of complaint in equity which omits prayer for process is demurrable. Goebel v. American Railway Supply Co. (C. C.) 55 Fed. 828; U. S. v. Agler (C. C.) 62 Fed. 824. However, this amended petition or bill to foreclose was filed in the law action, where the matters set forth therein are not cognizable over the objections of defendants, and hence demurrable.

It follows, as the law action, timely commenced by plaintiff, was abandoned by the voluntary recall of the summons issued theron by counsel for plaintiff, and an attempt was made to proceed in equity after the expiration of the 90 days prescribed by the statute creating

the right sought to be enforced, and as the chancery subpœnas were issued and served with no bill of complaint on file demanding equitable relief to which complainant may have deemed itself entitled, and no prayer for such process, the amended pleading filed did not operate as a continuance of the law action, and as a suit in equity is, for the reasons given, entirely insufficient.

The demurrers and pleas are therefore sustained.