HENRY L. WOOD *et al.* Appellants, *vs.* WILLIAM PAPEN-DICK *et al.* Appellees.

*Opinion filed June 24, 1915.*

1. DRAINAGE—*act of 1913, with reference to connection of adjoining districts, is constitutional.* The act of 1913, with reference to connection of adjoining districts, (Hurd's Stat. 1913, p. 1001,) is constitutional, notwithstanding it is retrospective in its operation. (*North Fork Drainage District* v. *Rector Drainage District*, 266 Ill. 536, adhered to.)

2. SAME—*when the question of legality of organization cannot be raised.* The question of the legality of the organization of a drainage district cannot be raised in a proceeding by such district against another district to compel the latter, under the act of 1913, to contribute its share of the cost of certain work.

3. PLEADING—*it is not the office of a demurrer to set out facts.* A demurrer involves only such facts as are alleged in the pleading demurred to and raises only questions of law as to the sufficiency of the pleadings which arise on the face thereof, and it is not the province of a demurrer to set out new facts.

APPEAL from the County Court of Henry county; the Hon. LEONARD E. TELLEEN, Judge, presiding.

HENRY WATERMAN, for appellants.

HARRY H. WAITE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Green River Special Drainage District was organized in 1904 in Henry and Bureau counties under the Farm Drainage act, chiefly for the purpose of deepening,

straightening and improving two water-courses, known as Green river and Mud creek, in order to obtain a suitable outlet for the water of that district and apparently for the water of a number of adjoining districts. The Green River Drainage District spent some $450,000 in constructing a system of drainage, and thereafter brought suit in the county court of Henry county against the Union Special Drainage District, under the act as to the connection of adjoining districts, approved June 28, 1913, (Hurd's Stat. 1913, p. 1001,) to compel said latter district to pay its proportionate share of the cost of said work. The general and special demurrers filed by the commissioners of the Union Special Drainage District to the petition were sustained and judgment entered dismissing the petition in the county court. This appeal was thereafter perfected from that judgment.

From the record and briefs it appears that the trial court entered said judgment on the ground that the statute in question was unconstitutional. Since the judgment was entered in the trial court this court has decided said act constitutional. (*North Fork Drainage District* v. *Rector Drainage District,* 266 Ill. 536.) The situation of the two districts in that case was very similar to that of the two districts in this case.

While counsel for appellees concedes that the judgment of the trial court was based upon the alleged unconstitutionality of said act, it is argued that there are other matters in this record that should be considered by this court. Counsel for appellees, in effect, re-argues the constitutional question on the ground that the act in question is retrospective in its operation. While the general rule is that statutes should be construed as having a prospective effect, only, if the language employed requires that they should have a retrospective effect they are frequently given that construction and upheld as constitutional. (Sutherland on Stat. Const. sec. 206; *City of Lincoln* v. *Harts,* 266 Ill. 405, and

cases cited.) We see no reason why we should change our ruling in *North Fork Drainage District* v. *Rector Drainage District, supra,* holding this act constitutional.

From the record we understand that some twelve adjoining districts were organized and created prior to the organization of said Green River Special Drainage District, having their outlet into the Green river, of which the Union Special Drainage District is one. Counsel argues that a part of the territory embraced within the Green River Special Drainage District was theretofore embraced within the boundaries of the Union Special Drainage District, and that therefore the first named district was illegally organized, citing *People* v. *Crews,* 245 Ill. 318. No allegations are found in the petition upon which to base this argument. While it is true that the special demurrer sets out facts upon which such an argument could be based, it is the settled law that it is not the office of a demurrer to set out facts. A demurrer involves only such facts as are alleged in the pleadings demurred to, and raises only questions of law as to the sufficiency of the pleadings which arise upon the face thereof. It merely tests the mode of statement in such pleadings. (6 Ency. of Pl. & Pr. 297, and cases cited; 31 Cyc. 270.) Furthermore, questions as to the legality of the organization of said drainage district cannot be raised collaterally. *People* v. *Dyer,* 205 Ill. 575; *Carr* v. *People,* 224 id. 160; *Shanley* v. *People,* 225 id. 579; *People* v. *Bowman,* 247 id. 276; *Aldridge* v. *Matthews,* 257 id. 202.

The judgment of the county court is reversed and the cause remanded, with directions to overrule the demurrers, and for further proceedings not in conflict with this opinion.

*Reversed and remanded.*