(No. 20748.—)
S. Arthur Taylor, Defendant in Error, *vs.* The South-
ern Railway Company, Plaintiff in Error.

*Opinion filed October 22, 1932.*

DeYoung, J., dissenting.

Kramer, Campbell, Costello & Wiechert, and Pomeroy & Martin, for plaintiff in error.

Royal W. Irwin, for defendant in error.

Per Curiam: The defendant in error, S. Arthur Taylor, began suit in the circuit court of Cook county against the plaintiff in error, the Southern Railway Company, to recover damages under the Federal Employers' Liability act for the loss of his left foot. A jury returned a verdict in favor of the defendant in error, judgment was entered upon the verdict, the judgment was affirmed by the Appellate Court for the First District, and the case is brought to this court upon a writ of *certiorari*.

The plaintiff in error filed to the declaration the general issue and two special pleas. The first special plea alleges that the defendant in error was a resident of Indiana; that the plaintiff in error is a railroad corporation organized under the laws of Virginia, with its principal office at Richmond, Virgina; that said railroad extends across Indiana, including Warrick county, where the defendant in error resided and where the injury occurred; that the railroad also runs across Wabash, Edwards, Wayne, Jefferson, Marion, Clinton and St. Clair counties, in Illinois; that the plaintiff in error never at any time owned, operated or controlled

any railroad within 250 miles of Chicago, Cook county, Illinois; that the major portion of its business over its railroad in Illinois and Indiana is interstate commerce; that all of its witnesses reside in or near Warrick county, Indiana, which is approximately 300 miles from Chicago; that said witnesses are employees of the railroad, and their constant attendance at their work is necessary in order to properly carry on the interstate business of the railroad; that it would be necessary in taking said witnesses to Chicago to transport them over lines of other railroads and keep them away from their employment for the three or four days of the trial, in addition to whatever delay might be occasioned by the case not being reached for trial upon the day it was set, and that the trial of the case in Chicago would be an unreasonable burden upon interstate commerce, in violation of the constitution of the United States and contrary to the law as laid down in the decisions of the Supreme Court of the United States with reference to placing an unreasonable burden upon interstate commerce.

The second special plea contained the same allegations as the first special plea, and also alleges that the cause of action purports to have been brought under the Federal Employers' Liability act, one section of which (U. S. C. A. title 45, sec. 56,) provides, in part, as follows: "Under this chapter, an action may be brought in a district court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of the commencement of such action. The jurisdiction of the courts of the United States, under this chapter, shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." The plea alleged that the defendant in error resides in the district of Indiana; that said railroad has its principal office in the eastern district of Vir-

ginia; that Cook county, Illinois, is in the northern district of Illinois; that the plaintiff in error does not operate, and never has operated, any of its lines of railroad in the northern district of Illinois and is not doing business in said district; that the plaintiff in error at the time of the commencement of this suit maintained an office in Chicago in charge of J. P. Tocher, upon whom the alleged service of process was had by leaving a copy with him as the agent of the railroad company; that Tocher was not an agent of the railroad company, and neither he nor any other person in the office in Chicago had any authority to enter into any contract or do anything on behalf of the company except to solicit freight for movement over such routes as would include a movement over its lines, quote rates thereon and give information as to schedules and movement of trains, and that this was true at all times; that no business of the plaintiff in error is done at any place in the northern district of Illinois except as aforesaid, and that the only line of railroad of the company owned or operated in Illinois, and its only officers or agents in Illinois, are located in the eastern district of Illinois.

A general demurrer to each of these two special pleas was sustained, and the first question to be ascertained is whether this action of the court was in accordance with the law of this State. It is insisted by the plaintiff in error that the facts alleged in these pleas were sufficient, if true, to deprive the circuit court of Cook county of jurisdiction upon the ground that the plaintiff in error could not properly be sued, under the laws of this State, in Cook county, and that to permit the trial of the cause in Cook county would be a burden upon interstate commerce. Each of these pleas purported to be in bar of the whole action, and such pleas, to be good upon demurrer, must each be sufficient in itself without aid of any statements contained in the other. (*West Chicago Street Railroad Co.* v. *Morrison,* 160 Ill. 288.) A demurrer involves only such facts

as are alleged in the pleading demurred to and raises only questions of law as to the sufficiency of the pleadings which arise on the face thereof. (*Wood* v. *Papendick,* 268 Ill. 383.) In considering such questions the averments of the pleas must be construed most strongly against the pleader. (*Kelleher* v. *Chicago City Railway Co.* 256 Ill. 454; *People* v. *Lanham,* 189 id. 326.) Where a plea is filed which goes to the jurisdiction of a circuit court in this State it must be certain to every intent, and there must be proper averments of facts, accurately and logically stated, excluding every intendment of jurisdiction. The presumption will be in favor of the jurisdiction, and the pleader must set up such facts as will clearly oust the court of jurisdiction. (*Willard* v. *Zehr,* 215 Ill. 148; *Diblee* v. *Davison,* 25 id. 403.) Each plea forms a distinct issue, (*Farnan* v. *Childs,* 66 Ill. 544,) and upon demurrer it must be tested by the ultimate facts stated therein, independent of the facts stated in any other plea which may be filed in the case.

The Federal Employers' Liability act provides that a suit thereunder may be brought in the district court of the United States in the district where the defendant resides or in which the cause of action arose or in which the defendant is doing business at the time of the commencement of the suit. The jurisdiction of the courts of the United States is concurrent with that of the courts of the several States, and no case brought in a State court of competent jurisdiction can be removed to any court of the United States. This cause of action did not arise in Cook county or in the State of Illinois and the plaintiff in error did not reside in Cook county at the time the suit was begun. Cook county is within the jurisdiction of the United States District Court for the Northern District of Illinois and the railroad of the plaintiff in error is within the jurisdiction of Illinois. Under the Federal statute and the facts as alleged in the pleas the only ground upon which the District Court of the United States for the Northern

District of Illinois could have jurisdiction of this cause of action would be that the plaintiff in error was doing business in that district at the time the suit was commenced. Section 6 of chapter 110 of our statutes (Smith's Stat. 1931, p. 2192,) provides that action against a railroad company may be brought in the county where its principal office is located or in the county where the cause of action arose or in the county into or through which its road runs. The principal office of the plaintiff in error was not in Cook county or in the State of Illinois, the cause of action did not arise in Cook county or in the State of Illinois, and the suit was not brought in any of the counties in Illinois into or through which the railroad of the plaintiff in error ran. By operating its railroad in Illinois the plaintiff in error voluntarily submitted itself to the jurisdiction of the courts of Illinois as provided by statute, and the defendant in error had a right to begin suit in any of the counties in which he was so authorized by section 6 of chapter 110, and service might be had upon any of the defendant's agents, as provided in such section. Even though the business of the plaintiff in error is entirely interstate, it would not be immune from service of process in Illinois. *International Harvester Co.* v. *Kentucky,* 234 U. S. 578, 58 L. ed. 1479.

The defendant in error insists that the decisions of this court in the cases of *American Hide Co.* v. *Southern Railway Co.* 310 Ill. 524, and *Opp* v. *Pryor,* 294 id. 538, are conclusive of the question of the jurisdiction of the circuit court of Cook county in this case, for the reason that the service in the case at bar was upon an agent of the plaintiff in error in Cook county. Neither of those cases is conclusive here. In the *Opp case* all that was held was that a personal tort action may be maintained in any jurisdiction in which the defendant can be legally served with process, unless the cause of action is prohibited by law or public policy or is against morals, natural justice or the general interest of the citizens of the State of the forum. Neither

the question of venue nor the lack of proper service of process was there involved. In the *American Hide Co. case* the question of venue was not raised, and the question of lack of proper service was not raised as a question of law by demurrer but as a question of fact, as was sought to be done in this case, and it was there held, after a hearing upon an issue of fact, that the person served with process was an agent upon whom process might be properly served.

While the cause of action in this case is a statutory liability created by the Federal Employers' Liability act and by that act jurisdiction is specifically given to certain Federal courts and the venue in such courts limited, yet an existent concurrent jurisdiction in the State courts is recognized and jurisdiction is not given by the act to any specified State courts or the venue in such State courts limited thereby. (*Mondou* v. *New York, New Haven and Hartford Railroad Co.* 223 U. S. 1; *Zibos* v. *Oregon Railway Co.* 179 Fed. 893.) Prior to this act the laws of the several States were regarded as determinative of the liability of employers engaged in interstate commerce for injuries received by their employees while engaged in such commerce, but that was because Congress, although empowered to regulate that subject, had not acted thereon, and because the subject is one which falls within the police power of the States in the absence of action by Congress. (*Smith* v. *Alabama,* 31 U. S. (L. ed.) 508; *Sherlock* v. *Alling,* 93 U. S. 99; *Reed* v. *Colorado,* 187 id. 137.) Since Congress has acted, the laws of the States are superseded only in so far as they cover the same field. (*Gulf C. and Santa Fe Railway Co.* v. *Hefley,* 158 U. S. 98; *Southern Railroad Co.* v. *Reed,* 222 id. 424.) A plaintiff to whom a right of action is given by the act has a right to bring his suit in either the Federal or State court. If he brings it in the Federal court he can only bring it within the jurisdiction prescribed by the act. If he elects to bring his suit in a State court, the act having made no regulation of the practice and pro-

cedure in those actions, the practice and procedure are regulated by the law of the forum. The act contemplated suits in State courts and accepted State procedure in advance. (*Minneapolis and St. Louis Railroad Co.* v. *Bombolis,* 241 U. S. 211; *Louisville and Nashville Railroad Co.* v. *Stewart,* 241 id. 261.) By the act Congress does not attempt to enlarge or regulate the jurisdiction of State courts or to control or affect their modes of procedure, but only imposes on such a court the duty, when its ordinary jurisdiction, as prescribed by local laws, is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act and susceptible of adjudication according to the prevailing rules of procedure. *Minneapolis and St. Louis Railroad Co.* v. *Bombolis, supra.*

The plaintiff in error cites *Michigan Central Railroad Co.* v. *Mix,* 73 U. S. (L. ed.) 492, *Davis* v. *Farmers Co-Operative Equity Co.* 67 id. 966, and *Atchison, Topeka and Santa Fe Railroad Co.* v. *Wells,* 68 id. 928, in which cases judgments were reversed on the ground that to compel the defendants to try the causes in the local forum would burden interstate commerce and hence would violate the commerce clause of the constitution. Those cases differ from the present one, as in none of them was the railroad company operating its road in the State, district or county in which the suit was brought. In the present case it is admitted by the pleas that the plaintiff in error runs its railroad across Wabash, Edwards, Wayne, Jefferson, Marion, Clinton and St. Clair counties, in Illinois. When the plaintiff in error elected to enter the State of Illinois and operate its line of railroad therein it voluntarily submitted itself to the jurisdiction of the State of Illinois and to the liability of being sued for injuries under the Federal Employers' Liability act in accordance with the laws of the State of Illinois in a proper forum therein as determined by the laws of the State of Illinois. We do not deem that portion of the plea

setting up a burden upon interstate commerce as of itself constituting a defense to this suit.

The defendant in error calls our attention to section 8 of the Practice act as being controlling here. That section has nothing to do with the venue of the suit. It only provides for the service of process in a suit brought in a county in which the defendant might properly be sued, while section 6 of the Practice act deals with venue and is determinative of the proper county or counties in which a suit may be maintained. A plea is good as against a demurrer whenever it in plain and simple language states sufficient ultimate facts to constitute a defense to the cause of action set up in the plaintiff's declaration. (*Lincoln Park Coal Co.* v. *Wabash Railway Co.* 338 Ill. 82; *Willard* v. *Zehr, supra; Clay Fire and Marine Ins. Co.* v. *Wusterhausen,* 75 Ill. 285.) When the second plea is tested by the rules laid down above it stated a good defense to the maintenance of the suit in the forum in which it was brought. When the first plea is stripped of that portion which alleges an unreasonable burden upon interstate commerce, there yet remain the allegations that plaintiff in error's principal office is in a place other than in Cook county, that the cause of action did not arise in Cook county, and that plaintiff in error's road does not run into or through that county. While the plea does not purport to be a plea as to the venue, these facts are sufficient, if true, to prevent the maintenance of the action in the circuit court of Cook county and therefore constitute a good plea.

The circuit court erred in sustaining the demurrer to the pleas, and the judgment of that court is reversed and the cause remanded, with directions to overrule the demurrer to both pleas. *Reversed and remanded, with directions.*

Mr. JUSTICE DeYOUNG, dissenting.