### TAYLOR v. SOUTHERN RY. CO.
#### No. 180–D.

District Court, E. D. Illinois.
March 16, 1934.

Royal W. Irwin, of Chicago, Ill., for plaintiff.

Bruce A. Campbell, of East St. Louis, Ill., for defendant.

LINDLEY, District Judge.

Plaintiff began this suit by præcipe and declaration on July 30, 1930. Thereupon summons issued, returnable to the September term, 1930, held in Danville on the first Monday of September. For some reason not appearing in the record, the summons was not delivered to the marshal until August 29, 1930. The then marshal returned it unexecuted, saying that it was received in the marshal's office August 29, 1930, too late for service for the September term. Thereafter no summons was issued until on the 20th day of January, 1934, at the request of counsel for plaintiff, alias summons was issued by the clerk of the court returnable on the third Monday of February, 1934. Defendant, though at all times amenable to service of process within the Eastern District of Illinois, had no notice of the suit until the latter mentioned summons was served on January 25, 1934.

Plaintiff seeks to recover damages for personal injuries under the Federal Employers' Liability Act (45 USCA §§ 51–59). He sued defendant in the circuit court of Cook county at the March term, 1929, upon the same cause of action. Defendant there objected to the jurisdiction of the court by proper pleas, demurrer to which was sustained. Trial was had and resulted in a verdict and judgment for $30,000 in plaintiff's favor in October, 1929. Upon appeal the Appellate Court on December 10, 1930, affirmed the said judgment, in 259 Ill. App. 271.

Thereafter, upon certiorari in the Supreme Court, on October 22, 1930, after decision, rehearing and second decision, the judgment was reversed upon the ground that the trial court had no jurisdiction. The cause was remanded with directions to overrule demurrer of plaintiff to the pleas to the jurisdiction of the court. See 350 Ill. 139, 182 N. E. 805. Thereafter on January 20, 1934, the circuit court of Cook county, in pursuance of the mandate of the Supreme Court, quashed the writ and abated the suit.

The Federal Employers' Liability Act (section 6 [45 USCA § 56]) provides that no action shall be maintained thereunder unless commenced within two years from the day the cause of action accrued. This provision is not a mere limitation of action, but a condition precedent to the right to maintain an action and may not under any circumstances be waived. Bell v. Wabash Ry. Co., 58 F. (2d) 569 (C. C. A. 8th); Phillips Co. v. Grand Trunk Western R. R. Co., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774; Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067. These decisions and others establish the rule that the time for beginning action is not extended by insanity of the employee, by infancy or by the fact that the delay in institution of the suit was caused by the fraud and deceit of defendant.

Plaintiff's action was instituted in this court within the time required by statute, but it is the contention of defendant that the delay in procuring service of process brings the case within authorities holding that laches or negligence to prosecute a suit for an unreasonable length of time gives the court the right to exercise an inherent power to dismiss the

suit for want of prosecution. Such is the case of Daly v. City of Chicago, 295 Ill. 276, 129 N. E. 139, 142. Defendant asserts also that a suit is not actually commenced unless at the time of the filing of petition or declaration there is no unreasonable delay in the service of process and evidence of a bona fide intention to prosecute the suit with diligence, relying upon Mound City Co. v. Castleman (C. C. A.) 187 F. 921; Linn Timber Co. v. U. S., 236 U. S. 574, 35 S. Ct. 440, 59 L. Ed. 725; Armstrong Cork Co. v. Merchants' Refrigerating Co. (C. C.) 171 F. 778. It relies explicitly upon the case of Bowen v. Wilson, 56 App. D. C. 375, 15 F.(2d) 733, wherein the court held that failure to serve summons for nearly four years after issuance, although the defendant, for a long period of time, openly maintained a residence within the district, to plaintiff's knowledge, justified the conclusion that plaintiff intended to discontinue and abandon her suit.

██ Admittedly, if a plaintiff begins suit and exercises no diligence to secure service of process but apparently abandons the prosecution of his cause of action for a number of years, it is only reasonable for the court to conclude that because of his laches and negligence, he intended to abandon his suit. As the Supreme Court said in the case of Daly v. City of Chicago, supra: "Witnesses may die or remove, the memory become impaired, and temporary conditions change or be forgotten. Courts have the inherent power in the interest of justice to dismiss suits for want of prosecution." In pursuance of such power, courts frequently of their own motion dismiss suits for want of prosecution where there has been no diligence upon the part of the plaintiff. This power arises out of the authority of the court, in the exercise of its discretion, to determine whether the circumstances are such that in justice plaintiff ought not to be allowed to proceed. It is very closely akin to the application of equitable principles in disposing of any suit, whether in law or equity. Such action, however, is justified only where the court can say as a matter of law, from the undisputed facts, that the plaintiff has clearly evidenced an intention to abandon his cause of action. The court, remembering that stale demands are not favored, may, in such situations, penalize the plaintiff for his own negligence.

██ However, the circumstances in the present case, it seemed to me, will not warrant the court taking such position. Plaintiff, when he began this suit, obviously did so because he was afraid the jurisdiction of the circuit court of Chicago, upheld in that court and later sustained in the Appellate Court, might fail by the decision of the court of final resort in Illinois. It is evident that with this idea in mind, after he had procured judgment for $30,000, he began a suit for the same cause of action in a court where the jurisdictional question could not arise. Not until January 20, 1934, was the said litigation terminated adversely to his contention as to jurisdiction, whereupon he had alias summons duly issued in this court.

██ The record is silent as to any act upon the part of plaintiff or his counsel as to service upon the original summons. It was the marshal's duty, when he received the original summons, to serve the same, irrespective of whether or not ten days would intervene thereafter between the date of service and the first day of the term to which it was returnable. Service in such situation was at that time valid under the Illinois statute, which provided that the only effect of failure to serve ten days before the term begins would be to bring about a continuance of the cause to the next term of court and make it unnecessary for defendant to plead until such second term. Illinois Practice Act of 1907, § 3 (Smith-Hurd Rev. St. Ill. 1933, c. 110, § 3). Here the plaintiff filed his declaration, which he was not compelled to do until the second term. Within a month of filing suit, summons was delivered to the marshal. Apparently of his own motion and contrary to his legal duty, the marshal failed to serve same because ten days would not intervene before the first day of term. It does not appear whether plaintiff knew that the summons had not been served.

The material facts actuating the court in the decisions relied upon were acts or failures to act upon the part of the plaintiff indicating intention to abandon the suit. Here there are no such acts, except such as may be inferred from the failure to procure issuance of alias summons after the marshal failed to perform his duty upon the first summons. Rather the acts of plaintiff indicated that he intended to prosecute his suit against defendant, for he was even then prosecuting the same in the state courts. The worst thing that could happen to him was failure of that suit because of jurisdiction, and his worst fears having been realized, he promptly indicated a desire to proceed with this suit.

I am of the opinion, therefore, that the court has not before it sufficient facts to say as a matter of law that there was such negligence or laches upon the part of the plaintiff

262

that he should not now be permitted to prosecute his suit, or that it can be said that a suit was not commenced within the statutory period, in view of the fact that service was not obtained for some three and a half years afterwards.

As pointed out in Schroeder v. Merchants' & Mechanics' Insurance Co., 104 Ill. 71, the Legislature of Illinois has not declared what is the commencement of a suit at law, but as said by that court, jurisdiction of the defendant is not essential to such commencement. The court held that service of process upon an insurance company beyond the year provided for the commencement of actions did not nullify the commencement of the suit within the limited time, by filing a præcipe. In Fish et al. v. Farwell et al., 160 Ill. 236, 43 N. E. 367, the plaintiff secured process upon one of the defendants on October 3, 1888, but did not serve the other parties until 1892. The court held that this fact was immaterial and that the suit was commenced as against all parties when the præcipe was filed in the circuit court.

The motion to quash the writ of service and to abate and dismiss the suit will be denied. The defendant will have an exception and will be ordered to plead over within thirty days from date.